Theophilus PIERRE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–00938–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1999.

Robert A. Monks, Abbington, Vasquez & Monks, Galveston, for Appellant.

Richard H. Branson, Assistant District Attorney, B. Warren Goodson, Jr., Asst. Criminal Dist. Atty., Galveston, for State.

Panel consists of Justices MIRABAL, TAFT, and NUCHIA.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Theophilus Pierre, guilty of sexual assault. The trial court sentenced appellant to 12 years in prison. We address: (1) whether the trial court erred by admitting, for impeachment purposes, evidence of appellant's prior convictions for misdemeanor assault; and (2) whether reversal is required for lack of a sufficient record to perform a harm analysis. We reverse.

### Facts

On November 10, 1995, at approximately 3:00 a.m., L.J. was walking home from her boyfriend's apartment. She saw her ex-boyfriend, appellant, who asked L.J. to accompany him to a friend's apartment. L.J. agreed, but first made clear to appellant that nothing of a sexual nature was going to occur. He agreed.

L.J. and appellant disagree as to what occurred when they arrived at the apartment. According to L.J., appellant sexually assaulted her. According to appellant, he and L.J. did not have sexual intercourse. Two days later, L.J. reported she had been sexually assaulted by appellant.

### Impeachment With Prior Convictions

■ In appellant's first point of error, he argues the trial court erred by admitting, for impeachment purposes under Rule 609 of the Texas Rules of Evidence, evidence of appellant's prior offenses involving moral turpitude. Specifically, the trial court admitted evidence that appellant was convicted twice for misdemeanor assault. The same evidence established that these crimes were committed against women. Appellant contends that even if misdemeanor assault by a man against a woman is a crime of moral turpitude, the probative value of the evidence of appellant's prior convictions was greatly out-

weighed by the danger of prejudice to appellant.

Before admitting the evidence of appellant's prior convictions, the trial court conducted the following hearing outside the presence of the jury:

[Prosecutor] Your Honor, [appellant] has misdemeanor convictions for assaults against woman [sic] that the State intends to impeach him with during his cross-examination.

[Appellant's Counsel] Your Honor, I fail to see the relevance.

\* \* \*

[The Court] All right. What is it that you want to introduce.

[Prosecutor] Some assaults causing bodily injury, which are misdemeanor convictions, which are against woman [sic], Your Honor.

[The Court] Specifically, what is it? What are the convictions?

[Prosecutor] Assault causing bodily injury, reckless conduct, another assault causing bodily injury, and a terroristic threat against another woman, all against woman [sic].[1]

[Appellant's Counsel] Your Honor, State claims they intend to introduce these for impeachment purposes, and I don't think they are relevant for impeachment purposes. I further believe that the nature of the charges tend to be much more prejudicial than probative. And I do not believe they are proper.

[Prosecutor] The State does feel that the assaults causing bodily injury against women are crimes of moral turpitude and are good for impeachment purposes.

[The Court] All of these are against woman [sic]?

[Prosecutor] Yes, Your Honor.

---

1. Although the State suggested that there were several prior convictions, the State ultimately only introduced evidence of two prior convictions for misdemeanor assault committed against women.

[The Court] Anything else on this issue.

[Prosecutor] Nothing from the State.

[The Court] Objection is overruled.

## A. Standard of Review

We apply the abuse of discretion standard of review to a trial court's evidentiary rulings. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). A trial court must be given wide latitude to admit or exclude evidence as it sees fit. *Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App.1992). As long as the trial court's evidentiary ruling was at least within the zone of reasonable disagreement, an appellate court may not disturb it. *Montgomery,* 810 S.W.2d at 391.

## B. *Theus* Analysis

■ Under rule 609, evidence of prior offenses is admissible to attack a witness's credibility when the prior offense was a felony or involved moral turpitude. TEX.R. EVID. 609(a). However, before admitting evidence of these prior offenses, the trial court must determine that the probative value of admitting the evidence outweighs the prejudicial effect the evidence will have on the defendant. *Id.* The burden of demonstrating that the probative value of evidence of prior offenses outweighs its prejudicial effect on the defendant is placed upon the proponent of the evidence. *Theus,* 845 S.W.2d at 880. Therefore, in the present case, the burden was on the State.

■ In *Theus,* the Court of Criminal Appeals set out a nonexclusive list of five factors to assist trial courts when determining whether the proponent of rule 609 evidence has satisfied his burden. 845 S.W.2d at 880. The *Theus* factors are:

(1) the impeachment value of the prior offense;

(2) the temporal proximity of the prior offense relative to the charged offense and the defendant's subsequent history;

(3) the similarity between the prior offense and the charged offense;

(4) the importance of the defendant's testimony; and

(5) the importance of the credibility issue.

*Id.*

### 1. Impeachment Value

■ When attempting to impeach a defendant by introducing evidence of prior offenses, the issue is not whether the defendant committed the charged offense, but whether the defendant is credible. *See* TEX.R. EVID. 609(a). Between prior offenses involving violence and those involving deception, the former have a greater potential to prejudice the defendant, while the latter are more probative of the defendant's credibility. *See Theus,* 845 S.W.2d at 881. In the present case, the State presented evidence of appellant's prior convictions for offenses involving violence against women. Because appellant's prior offenses involved violence, but no deception, the first factor favors inadmissibility.

### 2. Temporal Proximity and Subsequent History

■ The law favors admitting evidence of a witness's prior offenses if the convictions for the prior offenses are recent and the witness has demonstrated a propensity for breaking the law. *See id.* Rule 609(b) of the Texas Rules of Evidence provides that a conviction is sufficiently proximate for impeachment purposes if less than 10 years has elapsed since the date of the prior conviction or since the date of the witness's release, whichever is later. TEX.R. EVID. 609(b). In the present case, appellant's first conviction for misdemeanor assault occurred on December 10, 1993, and the second occurred on March 8, 1992. The State offered evidence of appellant's prior convictions on July 29, 1997, and thus less

than 10 years from the date of appellant's prior conviction. Further, appellant's multiple convictions demonstrated his propensity for lawlessness. Accordingly, the second factor favors admissibility.

### 3. Similarity

██ When a defendant's prior offense and the charged offense are similar, a danger arises that the jury will convict that defendant based on a perception of a pattern of past conduct rather than based upon the facts of the charged offense. Therefore, when this circumstance exists, the law disfavors admitting evidence of the prior offense. *See Theus*, 845 S.W.2d at 881. Here, appellant's prior offenses and the charged offense are similar because they both involved violence against women. Accordingly, the third factor favors inadmissibility.

### 4. Importance of Defendant's Testimony and Credibility

██ The fourth *Theus* factor relates to the importance of a defendant's testimony at trial, while the fifth factor relates to the importance of a defendant's credibility as a witness. When a case involves the testimony of only the defendant and the State's witnesses, the importance of the defendant's testimony escalates. *Id.* As the importance of the defendant's testimony escalates, the State's need for an opportunity to impeach the defendant's credibility also escalates. *Id.* Therefore, the fifth *Theus* factor counterbalances the fourth factor, with each mitigating the other's effect.

We conclude the first and third *Theus* factors are dispositive of the present case. The similarity between the charged offense of sexual assault of a woman and appellant's prior offenses of misdemeanor assault against women created a danger the jury would convict appellant based upon its perception of a pattern of past conduct rather than on the facts surrounding the commission of the charged of-

fense.[2] This danger was not overcome by the probative value of the evidence of appellant's prior convictions because his prior convictions involved violence rather than dishonesty. Therefore, the State did not satisfy its burden to establish that the probative value of appellant's prior offenses outweighed the prejudicial effect on appellant. Accordingly, we conclude the trial court abused its discretion by admitting evidence of appellant's prior offenses.

### C. Harm

██ Having found the trial court erred by admitting evidence of appellant's prior offenses, we must determine whether the trial court's error affected appellant's substantial rights. TEX.R.APP. P. 44.2(b). An appellant's substantial rights are implicated when the error had a substantial and injurious effect or influence on the jury's determination of its verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). An appellant bears the burden of demonstrating the trial court's error had this effect. *Merritt v. State*, 982 S.W.2d 634, 636–37 (Tex.App.—Houston [1st Dist.] 1998, pet. filed).

██ Appellant argues the trial court's error had a substantial and injurious influence on the jury's determination of its verdict because it permitted the State to suggest that appellant constantly and habitually assaults women. To determine whether the trial court's error had such an effect, we must examine the error in relation to the entire proceedings. *See King*, 953 S.W.2d at 271. However, the record reflects the absence of the reporter's record for the following portions of the proceedings: voir dire, opening statements during the guilt-innocence phase, closing arguments during the guilt-innocence phase, and the entire punishment phase.

An appellant is relieved of his burden to demonstrate the trial court's error and is entitled to a new trial when:

> you have a history of assaulting woman [sic], don't you?" This question suggests to the jury that just as appellant assaulted women in the past, he must have assaulted L.J.

2. We note that the prosecutor exacerbated this danger by asking the following question to preface his questioning of appellant about the prior convictions: "In fact, Mr. Pierre,

(1) the appellant timely requests a reporter's record;

(2) by no fault of the appellant, a significant portion of the court reporter's notes and records has been lost or destroyed;

(3) the lost portion of the reporter's record is necessary to the appeal's resolution; and

(4) the parties cannot agree on a complete reporter's record.

TEX.R.APP. P. 34.6(f).

This case was abated for the trial court to make findings of fact concerning the missing portion of the reporter's record. The trial court returned findings of fact reflecting that: the trial court's former court reporter lost the missing portions of the reporter's record; appellant made a timely request for a reporter's record; the missing portion of the reporter's record was lost by no fault of appellant; and the parties are unable to agree on a complete reporter's record. Therefore, the only issue left to determine is whether the lost portion of the reporter's record is necessary for this appeal's resolution.

▆▆▆ Although the reporter's record for the punishment phase of the trial may not be necessary for our harm analysis,[3] the reporter's record of voir dire, opening statements, and closing arguments is necessary for us to examine the trial court's error in relation to the entire proceedings. Closing arguments are particularly important to a determination of the extent to which the State may have compounded the error by placing emphasis on it during argument. Therefore, we conclude the lost portions of the reporter's record are necessary for this appeal's resolution.

**3.** During the punishment phase of the trial, the State may offer evidence of a defendant's prior criminal record. TEX.CRIM. P.CODE ANN. art. 37.07, § 3 (Vernon Supp.1999).

**4.** During the abatement hearing, the trial court heard testimony from appellant's trial counsel and appellate counsel. The trial court also reviewed an affidavit from the

We sustain appellant's first point of error and hold that due to the lost portions of the reporter's record, appellant is entitled to a new trial.

### Ineffective Assistance of Counsel

Appellant contends in his second, third, and fourth points of error that he was denied his right to effective assistance of counsel by his trial counsel's failure to object to improper evidence of a prior extraneous offense, failure to object to improper reputation testimony, and failure to give the necessary notice to the court reporter to obtain a proper reporter's record.[4] Our disposition of appellant's first point of error renders addressing appellant's second, third, and fourth points of error unnecessary, and we decline to do so.

### Conclusion

We reverse the judgment of the trial court and remand this case to the trial court.

court reporter who was present during appellant's trial. In her affidavit, the court reporter stated appellant timely requested a reporter's record. Based upon this testimony and the court reporter's affidavit, the trial court found appellant's trial counsel filed a timely request.