Opinion issued June 12, 2003












In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00408-CR




TENEKIA LYNETTE CAIL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 00CR0630




MEMORANDUM OPINION

          A jury found appellant, Tenekia Lynette Cail, guilty of assault on a public
servant.


 The trial court assessed punishment at eight years’ confinement, suspended,
and appellant was placed on eight years’ community supervision. On appeal,
appellant claims that (1) the trial court erred by instructing the jury not to consider
whether the arrest or entry into appellant’s house was lawful, (2) the trial court erred
by denying appellant’s request for an extraneous offense limiting instruction, and (3)
the trial court abused its discretion by allowing the State to impeach appellant with
a prior theft conviction during the guilt phase of the trial. We affirm.
FACTUAL BACKGROUND
          On March 22, 2000, Hitchcock Police Officer Norman Desmormeaux was
called to investigate a possible burglary in progress. As he approached the scene, 
Desmormeaux saw an adult female and two juveniles running away from the area
along a fence line toward another street. Desmormeaux testified that the adult was
carrying something in her hands at that time. The complainant, Ms. Vonderia
Anderson, then signaled Desmormeaux and provided further information regarding
one of the individuals involved, who was then emerging from the rear of the house. 
Desmormeaux detained the individual and called Officer Soliz for assistance in the
investigation. 
          Further investigation by the officers yielded witness accounts that implicated
appellant in the burglary and indicated her presence in a nearby duplex. In response
to information by one of the witnesses, Officer Desmormeaux located an item
underneath appellant’s residence that matched the description of property allegedly
taken from the complainant’s house. The officers began to consider appellant a
suspect in the offense and decided to question her further by making contact with
appellant at her residence.  
          Appellant’s relative, Jamesa Dennis, answered the door and initially denied
appellant’s presence in the house, but then admitted she was in the bathroom. 
Finally, appellant came to the door. Desmormeaux was in uniform, and he identified
himself as a police officer. Desmormeaux requested that appellant exit the house for
questioning, outside the presence of the children, who were located just inside the
residence. Appellant repeatedly refused Desmormeaux’s requests, and her tone
became increasingly threatening and irate until she finally attempted to slam the door. 
Officer Desmormeaux stretched his arm between the door frame and the door to
prevent its closure. He continued into the residence attempting to handcuff the
resisting appellant. As Desmormeaux grabbed appellant’s right arm, appellant turned
and scratched the officer’s right eye with her fingernails. The struggle continued
inside the house as Desmormeaux attempted to grab both of appellant’s arms to
prevent additional resistence. During this time, appellant again scratched Officer
Desmormeaux, this time on the officer’s right arm. The two fell to the ground, and
Officer Desmormeaux was able to secure the handcuffs on both of appellant’s arms. 
 

JURY CHARGE ERROR
          In her first, second, and third points of error, appellant claims the trial judge
erred by incorrectly instructing the jury that it “must not consider whether the
detention or arrest of the Defendant, or the entry of the police officers into the
residence was lawful.” Appellant argues that this particular instruction was a
misstatement of the law and that it was an improper comment on the weight of the
evidence. 
          Standard of Review
          When reviewing a complaint about charge error, we must first determine
whether error actually exists in the charge. See Abdnor v. State, 871 S.W.2d 726, 732
(Tex. Crim. App. 1994). In making that determination, we view the charge as a
whole and our review will not be limited to a series of isolated statements or parts of
the charge standing alone. See Inman v. State, 650 S.W.2d 417, 419 (Tex. Crim. App.
1983); see also Jones v. State, 859 S.W.2d 537, 543- 44 (Tex. App.—Houston [1st
Dist.] 1993, pet. ref’d). 
 

          Misstatement of the Law 
          In this case, after setting forth the elements of the charged offense


 and the
definitions of “public servant” and “bodily injury,” the trial judge instructed the jury
that: 
                    During your deliberations in this case, you must not
consider whether the detention or arrest of the Defendant,
or the entry of the police officers into the residence was
lawful.

Appellant contends that this instruction was a misstatement of the law because it
removed from the jury’s consideration one of the necessary elements of the charged
offense: that Officer Desmormeaux was “lawfully discharging an official duty.” 
          However, the case law is directly contrary to appellant’s contention. In
Montoya v. State, the Texas Court of Criminal Appeals stated:
Whether [the officer] was making a lawful arrest is not relevant
to determining if [the officer] was acting in the lawful discharge
of his duties. A police officer is still acting within the lawful
discharge of his official duties when he makes an unlawful arrest,
so long as he is acting within his capacity as a peace officer.

744 S.W. 2d 15, 29 (Tex. Crim. App. 1987. Montoya has been consistently followed. 
See Hughes v. State, 897 S.W.2d 285, 297-98 (Tex. Crim. App. 1994); Guerra v.
State, 771 S.W.2d 453, 461 (Tex. Crim. App. 1988). 
          The record in the present case reflects that Officer Desmormeaux was “acting
in his capacity as a peace officer” at the time of the offense. He was on duty, in
uniform, and investigating a burglary. Hence, the trial court’s instruction was a
correct statement of the law, and did not constitute an improper comment on the
weight of the evidence.



          Accordingly, we overrule appellant’s first, second, and third points of error.
EXTRANEOUS OFFENSE INSTRUCTION
          In her fourth point of error, appellant asserts the trial court erred by refusing
to include a limiting instruction requiring the jury to find guilt beyond a reasonable 
doubt before considering evidence of appellant’s involvement in the underlying
burglary investigation.
          
          Contextual Evidence
           Same transaction contextual evidence may be admitted under the reasoning
that juries have a right to hear what occurred immediately prior to and subsequent to
the commission of the charged act so that they may realistically evaluate the evidence.
 See Westbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). The evidence
of the underlying burglary investigation was same transaction contextual evidence.
          If an act is admitted as same transaction contextual evidence, no extraneous
offense limiting instruction is necessary. See Westbrook, 29 S.W.3d at 115 (holding
evidence of three additional killings in the same evening were admissible as same
transaction contextual evidence without a limiting instruction).
          We overrule appellant’s fourth point of error.
IMPEACHMENT BY PRIOR CONVICTIONS
          In her fifth point of error, appellant claims the trial court abused its discretion
by admitting, for impeachment purposes, evidence of appellant’s prior misdemeanor 
theft conviction. 
          Rule 609 of the Texas Rules of Evidence governs the admissibility of prior
convictions used to impeach a witness. See Tex. R. Civ. P. 609. According to Rule
609, evidence of a witness’s prior non-felony offense is admissible for impeachment
purposes when the prior offense involves moral turpitude, and the court determines
that the probative value of admitting the evidence outweighs its prejudicial effect. 
See Theus v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992); Pierre v. State, 2
S.W.3d 439, 442 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). In reviewing the
trial court’s decision to admit a prior conviction into evidence, we accord the trial
court wide discretion. Theus, 845 S.W.2d at 881. 
          In Theus, the Court of Criminal Appeals set out a non-exclusive list of factors
courts should use to weigh the probative value of a conviction against its prejudicial
effect. 845 S.W.2d at 880. Those factors are:
(1) the impeachment value of the prior crime; 
(2) the temporal proximity of the prior crime relative to the charged
offense and the witness’s subsequent history; 
          (3)     the similarity between the past crime and the charged offense; 
          (4)     the importance of the witness’s testimony; and 
          (5)     the importance of the witness’s credibility. 
Id.; see also Morris v. State, 67 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.]
2001, pet. ref’d).
          Impeachment Value
          Under the first factor, crimes that involve deception have a higher
impeachment value than crimes involving violence, the latter having a higher
potential for prejudice. Theus, 845 S.W.2d at 880. In this case, appellant was
convicted of theft. Theft involves deception and moral turpitude. Bryant v. State,
997 S.W.2d 673, 676 (Tex. App.—Texarkana 1999, no pet.). Therefore, appellant’s
prior conviction for theft had a high impeachment value and the first Theus factor
weighs in favor of admitting the evidence.
          Temporal Proximity
          Under the second Theus factor, the law favors admitting evidence of a
witness’s prior offenses if the convictions are recent and the witness has demonstrated
a propensity for breaking the law. 845 S.W.2d at 880. A conviction is sufficiently
proximate for impeachment purposes if less than 10 years have elapsed since the date
of conviction or the date of release, whichever is later. See Tex. R. Evid. 609(b);
Pierre, 2 S.W.3d at 442. 
          In this case, appellant’s prior conviction for theft occurred on June 27, 1996,
and she received a probated sentence. The record reflects that a motion to revoke
appellant’s probation was still pending at the time of trial. Because the State sought
to utilize the prior theft conviction at trial less than five years after the theft
conviction, we hold that the second Theus factor leans toward admissibility.
 

          Similarity
          Under the third Theus factor, when a defendant’s prior offense and the charged
offense are similar, a danger arises that the jury will convict the defendant based on
perception of a pattern of past conduct rather than based upon the facts of the charged
offense. Theus, 845 S.W.2d at 880. However, in this case, appellant’s prior theft
conviction is not similar to her current charge of assaulting a public servant. As we
previously noted, assault is a violent crime and theft is a crime of deception. Hence,
the third Theus factor favors admission.
          Importance of Defendant’s Testimony and Credibility
          The fourth Theus factor relates to the importance of a defendant’s testimony
at trial, while the fifth factor relates to the importance of a defendant’s credibility as
a witness. Id; Pierre, 2 S.W.3d 443. When a case involves the testimony of only the
defendant and the State’s witnesses, the importance of the defendant’s testimony
escalates. Pierre, 2 S.W.3d 443. As the importance of the defendant’s testimony
escalates, the State’s need for an opportunity to impeach the defendant’s credibility
also escalates. Id. 
          In this case, although appellant was not the only defense witness to testify, her
testimony contradicted the officers’ description of events and was vital to her
defense.


 Her testimony presented the jury with a basic conflict to resolve, and under
the circumstances, appellant’s credibility and the value of her testimony took on
increased importance. Thus, the last two Theus factors militate in favor of admitting
evidence of appellant’s prior crime.
          Because the balancing of the Theus factors weighs overwhelmingly in favor of
admitting appellant’s prior conviction for impeachment, we hold the trial court did
not abuse its discretion. Id. at 881. 
          We overrule point of error five. 
Conclusion
          We affirm the trial court’s judgment.
 
 
                                                                        Margaret Garner Mirabal
                                                                        Justice

Panel consists of Justices Taft, Alcala, and Mirabal


,

Do not publish. Tex. R. App. P. 47.4.