Opinion issued December 9, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01243-CR




CEDRICK A. THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 933348



MEMORANDUM OPINION
          Appellant, Cedrick A. Thompson, pleaded not guilty to the felony offense of
robbery. The jury found appellant guilty, found the enhancement allegations true, and
assessed punishment at 40 years in prison. Appellant presents three issues on appeal. 
In his first issue, appellant asserts that the admission of evidence of extraneous
offenses during the guilt-innocence phase was error. In his second and third issues,
appellant claims ineffective assistance of counsel in violation of the 6th and 14th
Amendments to the U.S. Constitution and Article I, Section 10, of the Texas
Constitution. We affirm.
BACKGROUND
          On November 27, 2002 at approximately 12:30 p.m., the complainant, Kristen
Ashby, was leaving the Kroger grocery store on Old Spanish Trail in Houston, Texas. 
Ashby testified that a white Toyota Camry, with a rental sticker on the left side of the
trunk and a license plate beginning with P47, pulled close to her and came to a stop.
The driver grabbed her purse and the car then speed away. Ashby suffered bruising
and other injuries as she was dragged about 5 to 10 feet before her purse came off her
shoulder. Ashby identified appellant at trial and testified that she had previously
identified him in a police line-up about two weeks after the robbery. 
          During the guilt-innocence phase of the trial, the jury heard evidence of four
other, almost identical, purse-snatching robberies. 
Extraneous robberies involving the white Toyota Camry 
          On November 25, 2002, according to the testimony of Houston and Hedwig
Village police officers, a white Toyota Camry, license plate number P47GYG, was
reported stolen from the parking lot of Texas Southern University in Houston, Texas.
          Three of the extraneous robberies involved the white Toyota Camry. Jennifer
Bosley testified that she was robbed and her purse was taken—in a manner almost
identical to the robbery of Ashby—on November 26, 2002, in the parking lot of a
Wal-Mart store in Pearland, Texas. Bosley described the vehicle as a white Toyota
Camry. She identified appellant at trial and testified that she had previously
identified him to police from a photographic array. 
          Melissa Saucier testified that she was robbed when her purse was taken on
November 26, 2002 in the parking lot of the Kroger’s store at 6322 Telephone Road
in Houston. The details she related were similar to the details of the Ashby and
Bosley robberies. She stated that appellant was driving a Toyota Camry with a
license plate that began with P47. Saucier identified appellant at trial and testified
that she had previously picked appellant out of a police line-up. 
          Detective Packard of the Hedwig Village Police Department testified that he
investigated the robbery of Regina Pierce. He testified that Pierce reported that the
robbery took place on November 30, 2002 in the parking lot of a Target store in the
9400 block of the Katy Freeway in Hedwig Village, Texas and that the perpetrator
snatched her purse while driving a white or light gold Toyota Camry or Avalon. 
Detective Packard identified several photographs he had taken of the injuries that
Pierce said she sustained while being dragged behind the Camry. 
          Houston Police Department (“HPD”) Officer John Thornburgh testified that,
on December 3, 2002 (three days after the robbery of Pierce), he received a call “to
check by with the arson unit at a city park at 7400 Scott.” Officer Thornburgh
testified that he found a burned-out white Toyota Camry with a license plate number
P47GYG at that location.
Extraneous robbery involving the Honda Accord
          Eva Aguilar testified that she was robbed and her purse was taken by appellant
in the parking lot of a Sam’s store at 1615 South Loop West in Houston, Texas on
December 8, 2002 at approximately 11:45 a.m. Aguilar testified that appellant was
driving a small white car, license plate number FO6LJD.
Appellant’s arrest
          HPD Officer J. Vergil testified that he attempted to stop a white Honda Accord,
license plate number FO6LJD, for speeding on December 12, 2002. According to
Officer Vergil, the driver of the Honda Accord led him on a brief car-chase before
stopping and fleeing the vehicle. The driver, identified by Officer Vergil as appellant,
climbed onto the roof of a nearby house and fell off the roof directly in front of
Officer Vergil, who apprehended him after a brief foot-chase. 
Appellant’s alibi witness
          Appellant called Kenneth Luckett as his alibi witness. Luckett testified that
appellant was with working with him when the Bosley, Saucier, and Ashby robberies
took place. Luckett testified that he employed appellant as a helper on his bread
delivery route for Mrs. Baird’s/Bimbo Breads and also at his own business, K&L
Cleaning. Luckett also testified that appellant may have worked for him on
December 8, 2002, the day of the Aguilar robbery. Detective Bonnette was recalled
to give rebuttal testimony for the State. Detective Bonnette testified that Luckett had
previously told him that appellant did not work for him during the week of November
25th through the 29th, 2002 and did not work for him after December 1, 2002. DISCUSSION
          In his first issue, appellant asserts that the trial court erred in allowing 
testimony regarding extraneous offenses. Specifically, appellant complains of the
trial court’s decision, at a hearing before opening arguments, to allow evidence of the
Bosley, Saucier, Pierce, and Aguilar robberies.


 Appellant contends that this
testimony was highly prejudicial in violation of rule 403 of the Texas Rules of
Evidence and that the statements were not admissible under rule 404(b) of the Texas
Rules. 
Extraneous offenses
          Under some circumstances, extraneous offenses may be admitted to establish
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident. Tex. R. Evid. 404(b). We review the trial court’s admission of
testimony about the extraneous offenses for abuse of discretion. Goff v. State, 931
S.W.2d 537, 553 (Tex. Crim. App. 1996). The trial court is given wide discretion or
latitude in its decision to admit evidence. Theus v. State, 845 S.W.2d 874, 881 (Tex.
Crim. App. 1992); Pierre v. State, 2 S.W.3d 439, 442 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d). The trial court’s ruling in admitting the evidence must be
sustained if reasonably supported by the record and correct on any theory of law
applicable to this case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). 
          Appellant bases his contention, that the extraneous offense evidence was not
admissible under Rule 404(b), on the assertion that appellant had not placed identity
at issue at the time the evidence was admitted, which was during the State’s case-in-chief. We note that this argument, even if correct, is not determinative because
appellant later put identity squarely at issue by presenting an alibi defense. “[T]he
premature receipt of extraneous offense evidence may be rendered harmless by a
defendant’s subsequent action at trial.” Howland v . State, 966 S.W.2d 98, 104 (Tex.
App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). 
          Rule 404(b) states, “Evidence of other crimes, wrongs, or acts is not admissible
to prove the character of a person in order to show action in conformity therewith.” 
Tex. R. Evid. 404(b). However, extraneous offenses may be relevant apart from
character conformity. Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). The
extraneous offenses may tend to establish some elemental fact, such as identity or
intent. Id. They may also be relevant in establishing some evidentiary fact, such as
motive, opportunity or preparation, leading inferentially to an elemental fact, or may
rebut a defensive theory by showing, for example, absence of mistake or accident. Id.
           Ashby was the first witness called by the State at trial. She testified that she
had described the perpetrator of the robbery to police and had picked him up out of
a police line-up. She identified appellant as her assailant in court. During the State’s
direct examination, appellant’s counsel moved to suppress Ashby’s in-court
identification of appellant. In a hearing outside the jury’s presence, appellant’s
counsel elicited the following testimony contrasting appellant’s appearance with the
description Ashby gave to police:
Q: [by appellant’s counsel] And you said that he was 30 years old; is
that correct?
 
A: [Ashby] Yes, sir. I said in his thirties.
 
Q: All right. And you said also that - - looking at Mr. Thompson here
seated to my right here, his complexion - - you considered his
complexion to be light, dark or medium complexion?
 
A: Probably medium. I don’t consider him extremely light.
 
Q: Okay. So that is contrary to the dark complexion that you would
have told the police officer originally at the scene, correct?
 
A: That is correct.
 
Appellant’s motion to suppress was denied. During his cross-examination of Ashby,
appellant’s counsel again challenged Ashby’s identification, this time in the presence
of the jury. The following testimony is a portion of the testimony in which appellant
challenged Ashby’s identification:
Q: [by appellant’s counsel] And do you recall that you told, I guess, that
particular officer that the person that took your purse, that it was a black
individual, say in the 30 years of age bracket; do you recall that?
 
A: [Ashby] Yes, sir. 
 
Q: And do you recall him having - - that you recall that individual or
that individual having dark complexion; is that correct?
 
A: That’s what I initially stated, yes, sir.
 
Q: Now, you’re sitting here in court today you identified my client, Mr.
Thompson, as being that individual that stole your purse, correct? 
 
A: Yes, sir.
 
Q: Now, do you consider - - using, say, a category of light complected,
medium complected and dark complexion, what do you classify Mr.
Thompson’s complexion to be?
 
A: Today I would probably say medium complexion.
 
Q: All right. And you told officer on that day that his complexion was
a darker-skin complexion, correct?
 
A: Yes, sir.
 
          From the recited testimony, it is clear that appellant’s contention that Ashby’s
identification of appellant was not challenged, and that identity was not at issue
before the extraneous offenses were admitted, does not stand. A defense strategy
aimed at undermining the State’s sole witness’s identification raises the issue of
identity. Lane v. State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996). When identity
is at issue, extraneous offenses may be admissible to prove identity. Id.
Admissibility under Rule 403
          Even if it is admissible under Rule 404(b), extraneous offense evidence may
be excluded if its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403; Swarb v. State, 125 S.W.3d 672, 681 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). We conclude that the probative value of
the extraneous offense evidence was not substantially outweighed by its prejudicial
effects. See Swarb, 125 S.W.3d at 681. The probative value was high, given the
State’s need to establish appellant’s identity and to tie appellant to both vehicles.


 
Any resulting prejudice was not undue, and the judge instructed the jury during the
presentation of the extraneous offense evidence that it was to be used to establish
identity and for no other purpose. A proper limiting instruction was also in the jury
charge. We overrule appellant’s first issue.
Ineffective assistance of counsel
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show that (1) counsel’s performance was so deficient
he was not functioning as acceptable counsel under the sixth amendment and (2) but
for the counsel’s error, the result of the proceedings would have been different. Id.
at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v. State, 916 S.W.2d 92,
93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). It is the defendant’s burden to
prove ineffective assistance of counsel. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Gamble, 916 S.W.2d at 93. A defendant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d
at 813; Gamble, 916 S.W.2d at 93. 
          Appellant bases his claim of ineffective assistance of counsel on his trial
counsel’s failure to make certain objections. Specifically, appellant asserts that
Officer Packard’s testimony about the Pierce robbery was inadmissible hearsay, that
other police officers were allowed to make hearsay statements without objection, and
that the photographs of Pierce’s injuries were subject to exclusion as irrelevant. 
          The record is silent as to why appellant’s trial counsel did not object as
appellant’s present counsel claims he should have. See Gamble, 916 S.W.2d at 93. 
To find that appellant’s trial counsel was ineffective based on the asserted grounds
would call for speculation, which we will not do. See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App.1994); Gamble, 916 S.W.2d at 93. Appellant’s second and
third issues are overruled.
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).