NUMBER 13-05-237-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

ISMAIL SHABAZZ,                                                   Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                 On appeal from the
411th District Court

                            of
Harris County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM OPINION

 

                      Before Justices Castillo,
Garza, and Wittig[1]


                        Memorandum Opinion by
Justice Wittig

 








Ismail Shabazz
appeals his conviction of murder.  A jury
in Trinity county found him guilty and the court assessed punishment at
confinement for fifty years in the Texas Department of Criminal JusticeBInstitutional Division.  Appellant presents six issues, three
challenging legal and factual sufficiency, one concerning an accomplice witness
instruction, and two issues regarding the admission of extraneous offenses.

                                    I.  Legal and Factual Sufficiency of the Evidence

The procedural
and factual background are known to the parties and will not be
reiterated.  See Tex. R. App. P. 47.4.  In determining the legal sufficiency of the
evidence, we review the evidence in a light most favorable to the verdict to
determine whether any rational fact finder could have found the essential
elements of the criminal offense beyond a reasonable doubt.   Jackson v. Virginia, 443 U.S. 307,
319 (1979);  Escamilla v. State,
143 S.W.3d 814, 817 (Tex. Crim. App.2004). 
Although our analysis considers all evidence presented at trial, we may
not re‑weigh the evidence or substitute our judgment for that of the fact
finder.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App.2000).








 
          We begin the factual
sufficiency review with the presumption that the evidence supporting the jury's
verdict is legally sufficient.  Clewis
v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.1996).  In conducting a factual sufficiency review,
we view all of the evidence in a neutral light, without favoring either
party.  Johnson, 23 S.W.3d 1, 6‑7
(Tex. Crim. App. 2000).  We will set
aside the verdict only if (1) the evidence supporting the verdict, considered
by itself, is too weak to support the finding of guilt beyond a reasonable
doubt, or (2) contrary evidence, if present, is strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.  Zuniga
v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004); see Zuliani
v. State, 97 S.W.3d 589, 593‑94 (Tex. Crim. App. 2003); Johnson,
23 S.W.3d at 11.  When reviewing the
evidence, we must give appropriate deference to the jury findings in order to
prevent intruding on the fact finder's role as the sole judge of the weight and
credibility of the evidence.  Johnson,
23 S.W.3d at 7.  Therefore, unless the
record clearly reveals a different result is appropriate, we "must defer
to the jury's determination concerning what weight to give contradictory
testimonial evidence because resolution often turns on an evaluation of credibility
and demeanor."   Id.  at 8.

The deceased,
Brent Cunningham, did not appear at his birthday party.  The police responded, and, through their
investigation, found Cunningham=s body behind the Head Start building at
approximately two o=clock in the morning.  He had been shot four times and his body
partially hidden.  The autopsy revealed
that two of the gunshots would have been fatal and that the deceased had been
beaten, most likely with a firearm.  The
firearm used in the shooting was either a .38, a 9mm, a .357 or .380.  

When appellant
was arrested, he had an outstanding warrant charging him with aggravated
assault with a firearm against the same victim, Cunningham.  Witnesses testified they saw appellant and
the victim in the area of the murder scene on the evening of the homicide.  Three gunshots were heard in the area of the
Head Start building around 6:30 or 7:00 pm. 
Later that evening appellant told a witness that AI messed up.@  








Markus English
testified that he, appellant, and others had been smoking marijuana.  Appellant was seen crouching down behind a
bush waiting for the deceased.  English
saw appellant hit the deceased on the side of the head and drag him behind the
Head Start building.  Later, English
heard two or three shots.  

A cell mate of
appellant, Calvin Gardner, testified that appellant admitted killing Cunningham
(Akilling the dude@)
behind a daycare center.

 Section 19.02 of the penal code provides that
a person commits the offense of murder if the person (1) intentionally or
knowingly causes the death of an individual; or (2) intends to cause serious
bodily injury and commits an act clearly dangerous to human life that causes
the death of an individual.  Tex. Pen. Code Ann. ' 19.02(b)(1), (2) (Vernon 2003).  We hold that any rational trier of fact could
have found the essential elements of the offense of murder beyond a reasonable
doubt.  Contrary to appellant=s contentions, the evidence of intent is easily
inferred from the facts of the beating, multiple gun shot wounds, and appellant=s admissions. 
We conclude the evidence is legally sufficient to support the conviction
for murder.  See Jackson  443 U.S. at 319. 








Appellant
presented one witness who testified that Cunningham=s grandfather was angry with him, thus suggesting an
alternative suspect for the murder. 
Appellant also argues there was no physical evidence connecting him to
the crime because there was a rain after the killing and the weapon was never
found.  Appellant further argues that
many of the details of appellant=s alleged admissions to his cell mate were inconsistent
with the facts and thus tainted the cell mate=s
veracity.  Other inconsistencies relating
to the incident included the number of shots heard and the time periods that
various witnesses saw appellant at or near the scene.  However, we do not find that the evidence
supporting the verdict, considered by itself, is too weak to support the
finding of guilt beyond a reasonable doubt, or that the contrary evidence is
strong enough that the beyond‑a‑reasonable‑doubt standard was
not met.  See Zuniga, 144
S.W.3d 484-85.  We overrule appellant=s issues pertaining to the legal and factual
sufficiency of the evidence.

                                                    II.  Corroboration and Instruction

Appellant
contends the evidence does not corroborate the accomplice testimony of Marcus
English and that he was entitled to an accomplice witness instruction in the
charge.

Appellant argues
that Marcus English is an accomplice as a matter of fact.  While the State disagrees, the argument is
immaterial because the trial court did instruct on this matter.  Assuming without deciding that English was an
accomplice, corroboration would be necessary. 
Cathey v. State, 992 S.W.2d 460 (Tex. Crim. App. 1999) holds:

Under Article
38.14, a conviction cannot stand on accomplice testimony unless it is
corroborated by other evidence tending to connect the defendant with the
offense;  the evidence is insufficient if
it proves merely the commission of the offense. 
It is not necessary that the corroborating evidence directly connect the
defendant to the crime or that it be sufficient by itself to establish
guilt;  it need only tend to connect the
defendant to the offense.  If the
combined weight of the non‑accomplice evidence tends to connect the
defendant to the offense, the requirement of Article 38.14 has been fulfilled.








Id. at 462 (citations omitted).  Cathey informs us that legal and
factual sufficiency standards do not apply to a review of accomplice witness
testimony under article 38.14.  Id.  Instead, A[t]he  burden established by the Legislature is that
there be other evidence tending to connect the defendant with the offense.@  Id.   More than ample corroborative evidence is
found in the testimony of eyewitnesses placing appellant at or near the scene,
the autopsy report, and appellant=s various admissions.  And, because the trial court did instruct on
corroboration, we find no merit in either of these arguments by appellant
regarding corroboration.  We overrule
appellant=s issue regarding an accomplice witness instruction.

                                                          III.  Extraneous Offenses

We review the
trial court's admission or exclusion of evidence under an abuse of discretion
standard.  See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997); see also  Goff v. State, 931 S.W.2d 537, 553
(Tex. Crim. App.1996).  A trial court has
wide discretion in its decision to admit or exclude evidence.  Guzman, 955 S.W.2d at 89; Theus v.
State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  A trial court's evidentiary ruling should not
be disturbed on appeal unless it is an abuse of discretion.  Goff, 931 S.W.2d at 553; Erdman v.
State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993).  If the trial court's ruling is within the
reasonable zone of disagreement, then an appellate court should not disturb
it.  Pierre v. State, 2 S.W.3d
439, 442 (Tex. App.BHouston [1st Dist.] 1999, pet. ref'd) (citing Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).








Appellant argues
error because of the admission of three extraneous offenses in the
guilt-innocence phase of his trial.  One
incident involved appellant=s  shooting at
Marcus Smith.  Both the State and the
defense asked several questions concerning this incident.  The testimony elicited by both sides was
admitted without objection.  Error, if
any, was not preserved.  To preserve a
complaint for appellate review, a party must present a timely request, objection,
or motion to the trial court stating the specific grounds for the desired
ruling if the specific grounds are not apparent from the context.  Tex.
R. App. P. 33.1(a); Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000).  Generally, a party's failure
to timely and specifically object at trial forfeits any error. See Blue,
41 S.W.3d at 131. 

Another incident
involved an unrelated alleged murder. 
This testimony was first elicited by defense counsel at trial during the
cross-examination of Calvin Gardner. 
Again, no objection was made to the State=s
brief follow-up questions.  The name of
the victim was not then introduced. 
Later, during the State=s rebuttal evidence, Kevin Pierce was recalled as a
witness and testified that Norris Armstead was shot and killed.  No one was charged with the offense.  On cross examination by the defense, Pierce
admitted that there was no probable cause to arrest any suspect.  While the materiality of this testimony is
problematic (how is an unindicted murder with no suspects relevant?), the
error, if any, is harmless.  See
Potier v. State, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002) (erroneous
evidentiary rulings rarely rise to the level of denying the fundamental
constitutional rights to present a meaningful defense).  Tex R
App. P 44.2(b).  Appellant himself
injected this  killing in his cross
examination of Gardner.  Appellant cannot
complain of invited error. See Prystash v. State, 3 S.W.3d 522,
531 (Tex. Crim. App. 1999) (the law of invited error estops a party from making
an appellate error of an action it induced).








Regarding the
third extraneous offense, appellant argues that his prior charge of aggravated
assault against the same victim in this case was inadmissable.  The State argues the evidence showed
appellant=s relationship with the deceased.  Two witnesses testified that appellant and
Cunningham were fighting thirty-six days before Cunningham was murdered.  The witnesses saw appellant chase Cunningham
and heard a gun shot.  The witnesses saw
appellant with a weapon pointed at Cunningham=s
head.  We agree that this evidence was
admissible under either (1) article 38.36 of the code of criminal procedure to
show the prior relationship between appellant and the victim, or admissible
under (2) Texas Rule of Evidence 404(b) to show motive, intent, and
identity.  See Tex. Code Crim. Proc. Ann. art. 38.36
(Vernon 2005); Tex. R. Evid.
404(b).  Appellant presents no reversible
error under his last two issues concerning the extraneous offenses.  We overrule both of appellant=s issues pertaining to the admission of extraneous
offenses.

 We affirm the
judgment of the trial court.  

 

DON
WITTIG

Justice

 

Do
not publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 11th day of
May, 2006.

 











[1]Retired Fourteenth Court of Appeals
Justice Don Wittig, assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to the government code. 
See Tex. Gov=t Code
Ann. ' 74.003 (Vernon 2005).