**VILLAGOMEZ INVESTMENTS, L.L.C., Appellant,**

**v.**

**Janie MAGEE, Appellee.**

**No. 01–08–00851–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 18, 2009.

Andres Perez–Chaumont, Law office of Andres Chaumont, Houston, TX, for Appellant.

Jim L. Culpepper, Larry Andrew Dunham, Jim L. Culpepper & Associates, Houston, TX, for Appellee.

Panel consists of Justices JENNINGS, KEYES, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

The preliminary question presented by this appeal is whether appellant, Villagomez Investments, L.L.C. ("Villagomez Investments"), is entitled to a new trial because the entire reporter's record was destroyed during Hurricane Ike. Because we answer that question in the affirmative, we reverse and remand the case to the trial court.

## Background

Villagomez Investments sued appellee, Janie Magee, for anticipatory breach of a lease agreement. Magee filed a counterclaim against Villagomez Investments. Following a two-day bench trial, the trial court rendered judgment that each party take nothing against the other. The trial court signed its judgment on August 18, 2008. In support of the judgment, the trial court filed findings of fact and conclusions of law. Villagomez Investments filed a request that the trial court file additional and amended findings of fact and conclusions of law. The trial court denied the request.

Appellant also filed a motion for new trial. In the motion, Villagomez Investments argued that the evidence presented at trial did not support the trial court's findings of fact and conclusions of law. The trial court denied Villagomez Investments's motion for new trial.

Villagomez Investments appealed the trial court's judgment. On October 13, 2008, Villagomez Investments's attorney sent a letter to the court reporter requesting preparation of the trial transcript. In response, the court reporter sent Villagomez Investments an affidavit in which he stated that his stenographic notes, "representing all the notes on the entire pretrial and trial arguments, evidence, and rulings thereon made by the [trial] court . . . were destroyed by Hurricane Ike." The court reporter continued, "I have no way of salvaging any of my notes taken during the trial, and therefore, I am unable to prepare and provide any of the requested reporter's record and transcript of the trial. . . ."

After being notified of the destruction of the court reporter's notes, Villagomez Investments filed a supplemental motion for new trial. Attaching the court reporter's affidavit and citing Rule of Appellate Procedure 34.6(f), Villagomez Investments requested a new trial on the basis that the entire reporter's record had been destroyed through no fault of its own. The trial court did not rule on the supplemental motion for new trial, and it was overruled by operation of law.

## Request Pursuant to Rule of Appellate Procedure 34.6(f)

Based on the complete destruction of the reporter's record from the trial proceedings, Villagomez Investments now requests this Court to reverse the trial court's judgment and remand the case for a new trial. Rule 34.6(f) provides that an appellant is entitled to a new trial when (1) the appellant timely requests a reporter's record; (2) by no fault of the appellant, a significant portion of the court reporter's notes and records has been lost or destroyed; (3) the lost portion of the reporter's record is necessary to the appeal's resolution; and (4) the parties cannot agree on a complete reporter's record. TEX.R.APP. P. 34.6(f).

Magee does not dispute that the reporter's record has been destroyed through no fault of Villagomez Investments, that "a significant portion" of the record has been destroyed, or that the record cannot be replaced by an agreement of the parties. Nonetheless, Magee does not concede that the trial court's judgment should be reversed and the case remanded for new trial. Magee contends that Villagomez Investments is not entitled to a new trial because it has not shown that it made a written request for preparation of the reporter's record. *See* TEX.R.APP. P. 34.6(b)(1), (f).

Since Magee raised this argument, a supplemental clerk's record has been filed, which contains a copy of Villagomez Investments's October 13, 2008 written request for preparation of the reporter's record. Because it was made within the time period for perfecting Villagomez Investments's appeal, the written request was timely and satisfies that requirement of Rule 34.6(f). *See* TEX.R.APP. P. 34.6(f); *see also* TEX.R.APP. P. 26.1 (governing time for perfecting appeal).

Magee also contends that Villagomez Investments's request for a new trial should be denied because Villagomez Investments did not file a copy of the request for preparation of the reporter's record with the trial court clerk as provided in Rule 34.6(b). *See* TEX.R.APP. P. 34.6(b). We disagree that Villagomez Investments's request should be denied on such ground. Although subpart (b) of Rule 34.6 provides that a request for preparation of a reporter's record should be filed with the trial court clerk, subpart (f), governing the destruction of a reporter's record, makes no mention of such a requirement to obtain a new trial. *See* TEX.R.APP. P. 34.6(f). As mentioned, subpart (f) speaks only to making a timely request for preparation of the reporter's record, which Villagomez Investments has shown it did in this case. *See id.*

We further note that filing the request with the trial court clerk would have in no manner prevented the complete destruction of the reporter's record in this case. To deprive Villagomez Investments of the right to a new trial because it did not file the request with the trial court clerk or based on some other imperfection with the request is to evaluate form over substance, which we will not do. *See Gavrel v. Rodriguez*, 225 S.W.3d 758, 763 (Tex.App.-Houston [14th Dist.] 2007, pet. denied) (rejecting appellee's argument that appellant not entitled to new trial pursuant to Rule 34.6(f) because appellant had not timely requested reporter's record); *In re G.M.S.*, 991 S.W.2d 923, 925 (Tex.App.-Fort Worth 1999, pet. denied) (determining that appellant was entitled to new trial under Rule 34.6(f) even though request for reporter's record not timely).

In any event, after Magee raised the filing-of-the-request issue, Villagomez Investments filed a copy of the request with the trial court clerk. As mentioned, a supplemental clerk's record has been filed in this Court containing the request.

Magee also focuses on Rule 34.6(f)'s requirement that the destroyed portion of the reporter's record must be necessary to the appeal's resolution. *See* TEX.R.APP. P. 34.6(f)(3). Magee contends that we should abate the appeal to the trial court for it to make a determination whether the missing record is necessary to the appeal's resolution. To support its position, Magee cites two cases from this Court in which we abated for the trial court to make factual determinations regarding the requirements of Rule 34.6(f). More precisely, Magee cites *Pierre v. State*, 2 S.W.3d 439, 444 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) and *Country Village Homes, Inc. v. Patterson*, 236 S.W.3d 413, 447–48

(Tex. App.-Houston [1st Dist.] 2007, pet. granted, judgm't vacated w.r.m.).

Because they are factually inapposite to the instant case, neither *Pierre* nor *Country Village Homes* requires us to abate the instant appeal to the trial court to determine whether the destroyed reporter's record is necessary to the resolution of the appeal. In both *Pierre* and *Country Village Homes,* the appellant requested a new trial under Rule 34.6(f) because only *a portion* of the record was missing. The question in those appeals was whether those *portions* were necessary to the appeal's resolution. In contrast, here, the *entire* reporter's record is missing.

We also note that, in *Pierre,* although the trial court made a number of findings on abatement, the trial court did not determine whether the missing portions of the record were necessary to resolution of the appeal. 2 S.W.3d at 444. Instead, this Court made that determination. *See id.* In *Pierre,* we concluded that the missing portions were necessary to the resolution of the appeal and remanded the case to the trial court. *See id.; cf. Landry's Seafood House–Addison, Inc. v. Snadon,* 233 S.W.3d 430, 437 (Tex.App.-Dallas 2007, no. pet.) (concluding appellant was not entitled to new trial without abating matter for hearing on the elements of Rule 34.6(f)).

As in *Pierre,* we conclude that the missing reporter's record in this case is necessary to the resolution of the appeal. We need not abate the case for that determination to be made. Here, Villagomez Investments points to its motion for new trial for the challenges it would raise on appeal. In the motion, Villagomez Investments assails the trial court's findings of fact and conclusions of law on the basis that the findings are not supported by the evidence presented at trial. Villagomez Investments points primarily to the parties' respective trial testimony to support its challenges. Given the circumstances of this case, it would strain credulity to conclude that the destroyed reporter's record was unnecessary to the resolution of the appeal.

In sum, each of the requirements of Rule 34.6(f) are satisfied. *See* TEX.R.APP. P. 34.6(f). We hold that Villagomez Investments is entitled to a new trial.

### Conclusion

We reverse the judgment of the trial court and remand to the trial court for further proceedings.