Opinion issued June 18, 2009











     





In The
Court of Appeals
For The
First District of Texas




NO. 01–08–00851–CV




VILLAGOMEZ INVESTMENTS, L.L.C., Appellant

V.

JANIE MAGEE, Appellee




On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2007–36793




O P I N I O N 

          The preliminary question presented by this appeal is whether appellant,
Villagomez Investments, L.L.C. (“Villagomez Investments”), is entitled to a new trial
because the entire reporter’s record was destroyed during Hurricane Ike. Because we
answer that question in the affirmative, we reverse and remand the case to the trial
court. 
Background
          Villagomez Investments sued appellee, Janie Magee, for anticipatory breach
of a lease agreement. Magee filed a counterclaim against Villagomez Investments. 
Following a two-day bench trial, the trial court rendered judgment that each party
take nothing against the other. The trial court signed its judgment on August 18,
2008. In support of the judgment, the trial court filed findings of fact and conclusions
of law. Villagomez Investments filed a request that the trial court file additional and
amended findings of fact and conclusions of law. The trial court denied the request. 
          Appellant also filed a motion for new trial. In the motion, Villagomez
Investments argued that the evidence presented at trial did not support the trial court’s
findings of fact and conclusions of law. The trial court denied Villagomez
Investments’s motion for new trial. 
          Villagomez Investments appealed the trial court’s judgment. On October 13,
2008, Villagomez Investments’s attorney sent a letter to the court reporter requesting
preparation of the trial transcript. In response, the court reporter sent Villagomez
Investments an affidavit in which he stated that his stenographic notes, “representing
all the notes on the entire pretrial and trial arguments, evidence, and rulings thereon
made by the [trial] court . . . were destroyed by Hurricane Ike.” The court reporter
continued, “I have no way of salvaging any of my notes taken during the trial, and
therefore, I am unable to prepare and provide any of the requested reporter’s record
and transcript of the trial. . . .”
          After being notified of the destruction of the court reporter’s notes, Villagomez
Investments filed a supplemental motion for new trial. Attaching the court reporter’s
affidavit and citing Rule of Appellate Procedure 34.6(f), Villagomez Investments
requested a new trial on the basis that the entire reporter’s record had been destroyed
through no fault of its own. The trial court did not rule on the supplemental motion
for new trial, and it was overruled by operation of law. 
Request Pursuant to Rule of Appellate Procedure 34.6(f)
          Based on the complete destruction of the reporter’s record from the trial
proceedings, Villagomez Investments now requests this Court to reverse the trial
court’s judgment and remand the case for a new trial. Rule 34.6(f) provides that an
appellant is entitled to a new trial when (1) the appellant timely requests a reporter’s
record; (2) by no fault of the appellant, a significant portion of the court reporter’s
notes and records has been lost or destroyed; (3) the lost portion of the reporter’s
record is necessary to the appeal’s resolution; and (4) the parties cannot agree on a
complete reporter’s record. Tex. R. App. P. 34.6(f). 
          Magee does not dispute that the reporter’s record has been destroyed through
no fault of Villagomez Investments, that “a significant portion” of the record has been
destroyed, or that the record cannot be replaced by an agreement of the parties. 
Nonetheless, Magee does not concede that the trial court’s judgment should be
reversed and the case remanded for new trial. Magee contends that Villagomez
Investments is not entitled to a new trial because it has not shown that it made a
written request for preparation of the reporter’s record. See Tex. R. App. P.
34.6(b)(1),(f). 
          Since Magee raised this argument, a supplemental clerk’s record has been filed,
which contains a copy of Villagomez Investments’s October 13, 2008 written request
for preparation of the reporter’s record. Because it was made within the time period
for perfecting Villagomez Investments’s appeal, the written request was timely and
satisfies that requirement of Rule 34.6(f). See Tex. R. App. P. 34.6(f); see also Tex.
R. App. P. 26.1 (governing time for perfecting appeal). 
          Magee also contends that Villagomez Investments’s request for a new trial
should be denied because Villagomez Investments did not file a copy of the request
for preparation of the reporter’s record with the trial court clerk as provided in Rule
34.6(b). See Tex. R. App. P. 34.6(b). We disagree that Villagomez Investments’s
request should be denied on such ground. Although subpart (b) of Rule 34.6 provides
that a request for preparation of a reporter’s record should be filed with the trial court
clerk, subpart (f), governing the destruction of a reporter’s record, makes no mention
of such a requirement to obtain a new trial. See Tex. R. App. P. 34.6(f). As
mentioned, subpart (f) speaks only to making a timely request for preparation of the
reporter’s record, which Villagomez Investments has shown it did in this case. See
id. 
          We further note that filing the request with the trial court clerk would have in
no manner prevented the complete destruction of the reporter’s record in this case. 
To deprive Villagomez Investments of the right to a new trial because it did not file
the request with the trial court clerk or based on some other imperfection with the
request is to evaluate form over substance, which we will not do. See Gavrel v.
Rodriguezi, 225 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2007, pet.
denied) (rejecting appellee’s argument that appellant not entitled to new trial pursuant
to Rule 34.6(f) because appellant had not timely requested reporter’s record); In re
G.M.S., 991 S.W.2d 923, 925 (Tex. App.—Fort Worth 1999, pet. denied)
(determining that appellant was entitled to new trial under Rule 34.6(f) even though
request for reporter’s record not timely). 
          In any event, after Magee raised the filing-of-the-request issue, Villagomez
Investments filed a copy of the request with the trial court clerk. As mentioned, a
supplemental clerk’s record has been filed in this Court containing the request. 
          Magee also focuses on Rule 34.6(f)’s requirement that the destroyed portion
of the reporter’s record must be necessary to the appeal’s resolution. See Tex. R.
App. P. 34.6(f)(3). Magee contends that we should abate the appeal to the trial court
for it to make a determination whether the missing record is necessary to the appeal’s
resolution. To support its position, Magee cites two cases from this Court in which
we abated for the trial court to make factual determinations regarding the
requirements of Rule 34.6(f). More precisely, Magee cites Pierre v. State, 2 S.W.3d
439, 444 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) and Country Village
Homes, Inc. v. Patterson, 236 S.W.3d 413, 447–48 (Tex. App.—Houston [1st Dist.]
2007, pet. granted, judgm’t vacated w.r.m.). 
          Because they are factually inapposite to the instant case, neither Pierre nor
Country Village Homes requires us to abate the instant appeal to the trial court to
determine whether the destroyed reporter’s record is necessary to the resolution of the
appeal. In both Pierre and Country Village Homes, the appellant requested a new
trial under Rule 34.6(f) because only a portion of the record was missing. The
question in those appeals was whether those portions were necessary to the appeal’s
resolution. In contrast, here, the entire reporter’s record is missing. 
          We also note that, in Pierre, although the trial court made a number of findings
on abatement, the trial court did not determine whether the missing portions of the
record were necessary to resolution of the appeal. 2 S.W.3d at 444. Instead, this
Court made that determination. See id. In Pierre, we concluded that the missing
portions were necessary to the resolution of the appeal and remanded the case to the
trial court. See id.; cf Landry’s Seafood House-Addison, Inc. v. Snadon, 233 S.W.3d
430, 437 (Tex. App.—Dallas 2007, no. pet.) (concluding appellant was not entitled
to new trial without abating matter for hearing on the elements of Rule 34.6(f)).
          As in Pierre, we conclude that the missing reporter’s record in this case is
necessary to the resolution of the appeal. We need not abate the case for that
determination to be made. Here, Villagomez Investments points to its motion for new
trial for the challenges it would raise on appeal. In the motion, Villagomez
Investments assails the trial court’s findings of fact and conclusions of law on the
basis that the findings are not supported by the evidence presented at trial. 
Villagomez Investments points primarily to the parties’ respective trial testimony to
support its challenges. Given the circumstances of this case, it would strain credulity
to conclude that the destroyed reporter’s record was unnecessary to the resolution of
the appeal. 
          In sum, each of the requirements of Rule 34.6(f) are satisfied. See Tex. R. App.
P. 34.6(f). We hold that Villagomez Investments is entitled to a new trial.
Conclusion
We reverse the judgment of the trial court and remand to the trial court for
further proceedings.
 
 
Laura Carter Higley
Justice

Panel consists of Justices Jennings, Keyes, and Higley.