

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00013-CV
_____


IN RE WALMART, INC.


Original Mandamus Proceeding


Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Fintiv, Inc., sued Walmart, Inc., in a Texas court for misappropriation of trade secrets. Alleging that Fintiv contractually agreed to a mandatory forum-selection clause requiring it to litigate in Arkansas, Walmart moved to dismiss all claims against it. By its petition for a writ of mandamus, Walmart complains of the trial court's denial of its motion to dismiss. Because Walmart failed to comply with the Texas Rules of Appellate Procedure, we deny the mandamus petition.

Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.3(k)(1)(A) states, "The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, the mandamus record and appendix are not accompanied by affidavit and, while some documents have been certified by the district court clerk and court reporter, other critical documents have not been certified or sworn. Moreover, there is no certified or sworn copy of the order denying Walmart's motion to dismiss based on the forum-selection clause. As a result, documents material to Walmart's petition for a writ of mandamus are neither certified nor sworn.

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Landstar Ranger, Inc.*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.) (quoting *In re Long*, 607

2

S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding)). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *Id.* (quoting *In re Long*, 607 S.W.3d at 446) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1)). Here, the Relator has failed to provide us with a sufficient record because several of the documents attached to the petition do not comply with Rules 52.3(k)(1)(A) or 52.7(a)(1).

As a result, we deny the petition for a writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 9, 2022
Date Decided:       March 10, 2022

3