**Manuel R. ISAACS, Appellant,**

v.

**Julia Ann McKinney ISAACS a/k/a Julia Parton, Appellee.**

**No. 14–09–01091–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 2011.

George W. Dana, Houston, for appellant.

Karen L. Marvel, Steven Alan Sinkin, San Antonio, for appellee.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## MAJORITY OPINION

KEM THOMPSON FROST, Justice.

An ex-husband appeals from an order granting his ex-wife a money judgment for child-support arrearages, attorney's fees, levies of child-support liens, and a judicial writ of withholding from the ex-husband's earnings. On appeal, the ex-husband's main arguments are that (1) the trial court lacked subject-matter jurisdiction under Texas Family Code section 157.005, and (2) sections 31.006 and 34.001 of the Texas Civil Practice and Remedies Code barred

his ex-wife from obtaining judgment on the child-support arrearages. Concluding that the ex-husband's arguments lack merit, we affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Manuel R. Isaacs ("Isaacs") and appellee Julia Ann McKinney Isaacs a/k/a Julia Parton ("Parton") were divorced in December 1976. Isaacs's duty to pay child support as to the only child of the marriage ended in October 1986. More than twenty-two years later, in April 2009, Parton filed a notice of child-support lien under Family Code section 157.313.[1] *See* TEX. FAM.CODE ANN. § 157.313 (West 2008). Parton also filed a notice of application for judicial writ of withholding under Family Code section 158.301 ("Notice"). *See* TEX. FAM.CODE ANN. § 158.301 (West Supp.2010). Parton served these notices on Isaacs. Parton thus gave notice of her child-support lien and of her request for a judicial writ requiring Isaacs's employer to withhold amounts from Isaacs's earnings to satisfy unpaid child-support obligations. Parton alleged a child-support arrearage of more than $103,000 and requested that $4,569.74 be withheld each month from Isaacs's earnings.

Isaacs did not file a motion to stay within ten days after receiving the Notice from Parton. *See* TEX. FAM.CODE ANN. § 158.307 (West 2008) (stating that, not later than ten days after receipt of such a notice, the obligor may stay issuance of a judicial writ of withholding by filing a motion to stay disputing the identity of the obligor or the existence or amount of the arrearages). In August 2009, Isaacs filed a motion to set aside the Notice and for release or reformation of Parton's child-support lien ("Motion"). The divorce decree required

Isaacs to pay the child support to the Harris County Child Support Division. In the Motion, Isaacs asserted that he had paid Parton all of the child support that she was due, but that all payments except one were made directly to her. Therefore, Isaacs denied that he had failed to pay any child support. Isaacs asserted, in the alternative, that the arrearage should be no more than $40,000. Isaacs also argued that, under section 157.005 and Civil Practice and Remedies Code sections 34.001 and 31.006, Parton is precluded from recovering any arrearage through a judicial writ of withholding or a child-support lien. Isaacs asked for a hearing.

In August 2009, Parton responded by, among other things, requesting that if the trial court were to hold a hearing, that it determine the amount of arrearages and grant Parton relief under section 157.323, regarding enforcement of a child-support lien, and section 158.309, governing hearings on motions to stay the issuance of a judicial writ of withholding. *See* TEX. FAM. CODE ANN. §§ 157.323, 158.309 (West 2008). The following month, on September 9, 2009, the trial court held a hearing on the competing requests for relief. The trial court found that it had subject-matter jurisdiction. Under section 157.323, the trial court rendered judgment against Isaacs for $93,323.78 in child-support arrearages plus reasonable attorney's fees. The trial court ordered that Parton is entitled to levies to satisfy the child-support liens. In addition, the trial court ordered that Parton be granted a judicial writ of withholding from Isaacs's earnings, requiring Isaacs's present and future employers to withhold $625 per month from his earnings. The trial court concluded that section 157.005(b) did not deprive the trial

1. Unless otherwise stated, all statutory references in this opinion are to the Texas Family Code.

court of jurisdiction. In its findings of fact and conclusions of law, the trial court concluded that Civil Practice and Remedies Code section 34.001 did not apply, based on the 2009 amendment to section 34.001,[2] stating that this statute does not apply to a judgment for child support under the Family Code. Isaacs appeals asserting five issues.

## II. ANALYSIS

### A. Did section 157.005 deprive the trial court of jurisdiction?

■ In his first issue, Isaacs asserts that section 157.005 deprived the trial court of jurisdiction to render its judgment for child-support arrearages. See TEX. FAM.CODE ANN. § 157.005 (West Supp. 2010). Isaacs claims there is an irreconcilable conflict between section 157.005 and sections 157.323 and 158.309. See TEX. FAM.CODE ANN. §§ 157.005, 157.323, 158.309. Research reveals no case in which a court has construed the current version of section 157.005, which reads in pertinent part as follows:

> (b) The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support, *as provided by Section 157.263*, if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:
>
> (1) the child becomes an adult; or
>
> (2) on which the child support obligation terminates under the child support order or by operation of law.

TEX. FAM.CODE ANN. § 157.005 (emphasis added). Under the unambiguous language of the statute, section 157.005(b) applies

only to a trial court's confirmation of arrearages and rendition of a cumulative money judgment under section 157.263. *See id.* Under this statute, if a party files a motion for enforcement of child support and requests a cumulative money judgment for arrearages, then the court shall confirm the amount of arrearages and render one cumulative money judgment. *See* TEX. FAM.CODE ANN. § 157.263 (West 2008). But Parton did not seek, and the trial court did not grant, relief under section 157.263.

If an obligor fails to satisfy an obligation to pay child support, the obligee may seek various cumulative remedies, including (1) an order holding the obligor in contempt of court, (2) a cumulative money judgment for the arrearages that can be executed and enforced as any other judgment, (3) enforcement of the obligee's child-support lien against the obligor's nonexempt property, (4) a judicial writ of withholding from the obligee's earnings, and (5) an administrative writ of withholding from the obligee's earnings. *See* TEX. FAM.CODE ANN. §§ 157.005(a), 157.263, 157.312(a), 158.309, 158.501(a); *In re A.D.*, 73 S.W.3d 244, 246–47 (Tex.2002) (outlining various remedies for failure to pay child support in context of rejecting constitutional challenge to statute providing for judicial writ of withholding from the obligee's earnings).

Parton did not pursue relief under section 157.263. *See* TEX. FAM.CODE ANN. § 157.263. Instead, she sought to enforce child-support liens against Isaacs's nonexempt property, and she sought a judicial writ of withholding from Isaacs's earnings. *See* TEX. FAM.CODE ANN. §§ 157.323, 158.309. In enforcing Parton's child-support liens the trial court had jurisdiction to

---

**2.** All references in this opinion to "section 34.001" are to section 34.001 of the Texas Civil Practice and Remedies Code.

(1) render judgment against the obligor for the amount due, plus costs and reasonable attorney's fees;

(2) order any official authorized to levy execution to satisfy the lien, costs, and attorney's fees by selling any property on which a lien is established under this subchapter; or

(3) order an individual or organization in possession of nonexempt personal property or cash owned by the obligor to dispose of the property as the court may direct.

TEX. FAM.CODE ANN. § 157.323(a), (c). As to the judicial writ of withholding, the trial court had jurisdiction to "render an order for income withholding that includes a determination of the amount of child support arrearages, including medical support and interest." TEX. FAM.CODE ANN. § 158.309(c)(1).

Isaacs claims that these statutes irreconcilably conflict. They do not. Under the unambiguous language of these statutes, Parton has several cumulative remedies by which she can choose to seek payment of unpaid child support. The jurisdiction of the trial court to impose the first two remedies listed above expires after a specific period of time. See TEX. FAM.CODE ANN. § 157.005(a), (b). The other three remedies are available until various items, including all child support and child-support arrearages have been completely paid. See TEX. FAM.CODE ANN. §§ 157.318(a), 158.102, 158.502. Under its unambiguous language, section 157.005(b) does not limit the trial court's jurisdiction to grant the relief that it granted in the judgment from which Isaacs appeals. Therefore, the trial court correctly ruled that it had jurisdiction, and Isaacs's arguments under section 157.005 lack merit.[3]

Isaacs relies upon this court's opinion in *In re S.C.S. See* 48 S.W.3d 831 (Tex.App.-Houston [14th Dist.] 2001), *pet. denied sub nom. Sprouse v. Sprouse,* 92 S.W.3d 502 (Tex.2002). In *S.C.S.,* an ex-husband obligated to pay child support asserted a constitutional challenge against a former version of section 157.005(b). *See id.* at 833–34. The ex-husband asserted that the legislature's removal of all time limits from that section violated his constitutional rights because section 157.005(b) was a statute of limitations that provided a vested right.[4] *See id.* The *S.C.S.* court held that the statute spoke to the trial court's jurisdiction and was not a statute of limitations. *See id.* at 833–35. In the case under review, Isaacs argues that section 157.005(b) limits the trial court's jurisdiction. Isaacs has not asserted that this provision is a statute of limitations, and he has not challenged its constitutionality. The version of section 157.005(b) at issue in the case under review, has a time limit and specifies that it applies to relief under section 157.263, unlike the version at issue in *S.C.S. See id.* Therefore, *S.C.S.* is not on point.

Concluding that section 157.005(b) does not apply so as to deprive the trial court of subject-matter jurisdiction to render the judgment from which Isaacs appeals, we overrule Isaacs's first issue.

**B. Did section 34.001 prevent the trial court from rendering judgment for the child-support arrearages?**

---

**3.** Applying a similar analysis, this court recently held that the 2005 version of section 157.005(b) did not deprive the trial court of jurisdiction to grant relief under sections 157.323 and 158.309. *See Overton v. Overton,* No. 14–09–00865–CV, 2011 WL 398046, at

*3–4 (Tex.App.-Houston [14th Dist.] Feb. 8, 2011, no pet. h.) (mem.op.).

**4.** The legislature later put a time limitation back into section 157.005(b). *See* Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3156.

■ In his second issue, Isaacs challenges the trial court's judgment, arguing that section 34.001 precludes the relief awarded by the trial court. Isaacs argues that each missed child-support payment was a separate final judgment that became dormant under section 34.001 because no execution issued within ten years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 34.001(a) (West Supp.2010). Once a judgment becomes dormant, no execution may be issued on the judgment unless it is revived, and Isaacs asserts that the deadline for reviving these alleged judgments was within two years after they became dormant. *See id.* § 34.001(a), § 31.006 (West 2008) (stating that "a dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant"). Isaacs argues that, because Parton did not obtain execution on each missed child-support payment within ten years or timely revive these allegedly dormant judgments, Parton can no longer enforce these judgments. Isaacs bases this argument on the reasoning of the Fifth Court of Appeals in *Burnett–Dunham v. Spurgin. See* 245 S.W.3d 14, 16–18 (Tex.App.-Dallas 2007, pet. denied).

Under the unambiguous language of the applicable statutes, Parton may pursue the relief granted by the trial court until all child support, child-support arrearages, interest, costs, and attorney's fees have been paid. *See* Tex. Fam.Code Ann. §§ 157.318(a), 158.102. In addition, the *Burnett–Dunham* court interpreted a prior version of section 34.001.[5] *See Burnett–Dunham*, 245 S.W.3d at 16–18. Effective June 19, 2009, the legislature amended section 34.001 by adding a subsection in which the legislature explicitly states that

section 34.001 does not apply "to a judgment for child support under the Family Code." Act of May 28, 2009, 81st Leg., R.S., ch. 767, §§ 31, 51, 2009 Tex. Gen. Laws 1938, 1948, 1950 (codified at Tex. Civ. Prac. & Rem.Code Ann. § 34.001(c) (West Supp.2010)). The legislature provided that this amendment applies to each judgment for child support under the Family Code, regardless of the date upon which the judgment was rendered. *See id.,* §§ 31, 50, 2009 Tex. Gen. Laws at 1948, 1950. Therefore, this amendment is part of the version of section 34.001 that applies to the case under review. The Supreme Court of Texas and this court have yet to interpret this statute. *See Overton v. Overton,* No. 14–09–00865–CV, 2011 WL 398046, at *5, n. 12 (Tex.App.-Houston [14th Dist.] Feb. 8, 2011, no pet. h.) (mem.op.) (noting the amended version of section 34.001 but stating that the court did not need to apply the new subsection (c) to dispose of that appeal). Applying the new subsection (c), we conclude that, under its unambiguous language, section 34.001 does not apply to a judgment for child support under the Family Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(c). Therefore, under the unambiguous language of this statute, Isaacs's argument under his second issue lacks merit. *See Cobb v. Gordy,* No. 01–09–00764–CV, 2011 WL 494801, at *3 (Tex. App.-Houston [1st Dist.] Feb. 10, 2011, no pet. h.) (mem. op.).

■ Under his second issue, Isaacs notes the 2009 amendment to section 34.001 but argues that this amendment violates the prohibition against retroactive laws contained in article I, section 16 of the Texas Constitution. *See* Tex. Const. art. I, § 16. Isaacs waived this argument by not presenting it in the trial court. *See*

---

5. This court interpreted this prior version of 34.001 differently than did the *Burnett–Dunham* court. *See In re S.C.S.,* 48 S.W.3d at

835–36. This version of 34.001 is not at issue in the case under review.

TEX.R.APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex.2003) (holding that, to preserve argument for appellate review, including constitutional arguments, party must present it to trial court by timely request, motion, or objection, state specific grounds therefore, and obtain ruling); *Langston v. City of Houston*, No. 14–08–000063–CV, 2009 WL 3003259, at *3 (Tex. App.-Houston [14th Dist.] Aug. 6, 2009, no pet.) (mem.op.) (same). Because Isaacs failed to preserve error, we do not address whether the 2009 amendment to section 34.001 violates article I, section 16 of the Texas Constitution. *See In re L.M.I.*, 119 S.W.3d at 711; *Langston*, 2009 WL 3003259, at *3. Accordingly, we overrule Isaacs's second issue.

**C. Did the trial court err in ruling that the ex-wife is entitled to child-support liens, levies, and writs of income withholding as remedies for the collection of unpaid child support?**

In his third and fourth issues, Isaacs challenges the trial court's ruling that Parton is entitled to child-support liens, levies, and writs of income withholding as remedies for the collection of unpaid child support. Isaacs also challenges the trial court's order that Parton be granted a judicial writ of withholding from earnings. In his arguments under these two issues, Isaacs repeats the same arguments that he makes under his first two issues. These arguments fail for the reasons stated in the two previous sections of this opinion. Accordingly, we overrule Isaacs's third and fourth issues.

**D. Should this court address the ex-husband's challenge to the attorney's fees?**

Under his fifth and final issue, Isaacs argues that, if this court reverses the trial court's judgment in whole or in part, then this court also should reverse the trial court's award of attorney's fees. Inas-much as we have overruled the first four issues and are not reversing the trial court's judgment, we do not address Isaacs's fifth issue because it is conditioned on an event that has not occurred.

### III. CONCLUSION

Section 157.005(b) does not apply so as to deprive the trial court of subject-matter jurisdiction to render the judgment from which Isaacs appeals. Under its unambiguous language, section 34.001 does not apply to a judgment for child support under the Family Code.

The trial court's judgment is affirmed.

ANDERSON, J., concurring without opinion.