**Opinion filed April 5, 2012**



In The

# Eleventh Court of Appeals

_____

No. 11-11-00312-CV

_____

## IN THE INTEREST OF K.R.M., A CHILD

On Appeal from the 326th District Court

Taylor County, Texas

Trial Court Cause No. 2419CX

## MEMORANDUM OPINION

The Office of the Attorney General of Texas (OAG) filed this appeal from an order in which the trial court denied the OAG's motion to confirm child support arrearages and found that Kenneth Rex Mitchell was zero dollars in arrears. We reverse and remand.

The OAG presents three issues for review. In the first issue, the OAG contends that it is entitled to a new trial pursuant to TEX. R. APP. P. 34.6(f) because the reporter's record has been lost or destroyed. In the second and third issues, the OAG asserts that the trial court lacked jurisdiction to confirm a zero arrearage judgment and abused its discretion in rendering judgment for that amount. Mitchell has not filed an appellee's brief or any response to the OAG's brief.

The record shows that, in 1990, Mitchell was ordered to pay $110 per month for current support for K.R.M. until K.R.M., who was born in 1976, turned eighteen or was no longer enrolled in high school. In 2001, the trial court found that Mitchell was in arrears in the amount

of $24,837.48 and entered an order reducing that amount of unpaid child support to a cumulative judgment with interest accruing at 12% per annum. Pursuant to the 2001 order, Mitchell was to pay $5 each month beginning June 1, 2001, until the arrearages were paid in full. In 2011, the OAG filed a motion to confirm Mitchell's arrearages. An attachment to the motion reflects that Mitchell had made payments every month (ranging from $2.50 to $52.50 a month) but that, because of the accrual of interest, the amount owed had increased to $53,179.05.

The trial court held a hearing on August 18, 2011, and subsequently entered the order that is the subject of this appeal. The OAG requested a reporter's record shortly after filing its notice of appeal. The court reporter for the 326th District Court notified this court by affidavit that she does not report hearings for the Title IV-D associate judge that held the hearing in this case and that the associate judge uses an audio recording system for her hearings. In response to the request for a reporter's record, Associate Judge Beverly N. Clark, who held the hearing and entered the order in this case, issued a letter stating:

> The downloaded recordings file on my computer from August 9, 2011, to September 2, 2011, has no recording for the above-captioned case.
>
> My handwritten notes on the docket sheet from August 18, 2011, indicate that it was recorded on Folder "B." However, only Folders A, C, D, and E were downloaded.

When a reporter's record has been timely requested but a significant portion of the reporter's record has been lost or destroyed or is inaudible through no fault of the appellant, the appellant is entitled to a new trial if that portion of the reporter's record is necessary to the resolution of the appeal and cannot be replaced by agreement of the parties. Rule 34.6(f). The OAG has informed this court that the parties cannot agree on the contents of the missing record. The OAG's request for the preparation of a reporter's record, though not made within the time for perfecting the appeal, was sufficient for purposes of Rule 34.6(f). *See Gavrel v. Rodriguez*, 225 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re G.M.S.*, 991 S.W.2d 923, 925 (Tex. App.—Fort Worth 1999, pet. denied) (excusing untimely request when timely request would not have prevented loss of record). The reporter's record has been totally lost or destroyed without any fault of the OAG. The reporter's record is necessary to the disposition of the OAG's third issue, which requires that we review the evidence presented at the hearing and determine whether the trial court abused its discretion in finding that the amount owed by Mitchell was zero. Because the reporter's record from the hearing is unavailable, we

2

cannot reach the merits of the OAG's third issue. Thus, the reporter's record is necessary to the disposition of this appeal. *See Villagomez Invs., L.L.C. v. Magee*, 294 S.W.3d 687 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Pursuant to Rule 34.6(f), the OAG is entitled to a new trial. The first issue is sustained.

The OAG urges in its second issue that the trial court lacked jurisdiction to confirm a zero arrearage judgment. This issue concerns the trial court's jurisdiction and matters of law for which a review of the reporter's record is unnecessary. In its 2011 motion to confirm the amount of arrearages, the OAG requested that the trial court enter judgment for all support arrearages and accrued interest and also requested that the trial court order withholding from Mitchell's earnings. Because a cumulative judgment incorporating all child support and interest had already been entered in 2001 and because the 2011 motion was filed more than ten years after (1) K.R.M. became an adult and (2) the support obligation terminated under the terms of the 1990 child support order, we question the trial court's authority to enter a judgment confirming arrearages of zero dollars. *See* TEX. FAM. CODE ANN. §§ 157.005(b), 157.263 (West Supp. 2011).

Section 157.005(b) pertains to jurisdiction, providing:

> The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support, as provided by Section 157.263 [confirmation of arrearages], if a motion for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:
>
> > (1) the child becomes an adult; or
> >
> > (2) on which the child support obligation terminates under
> the child support order or by operation of law.

Section 157.263 sets out provisions relating to the confirmation of arrearages in one cumulative money judgment. Section 157.263(b-1) provides that, in rendering a cumulative money judgment, "the court may not reduce or modify the amount of child support arrearages but, in confirming the amount of arrearages, may allow a counterclaim or offset as provided by this title."

Although a trial court may lose jurisdiction to render a cumulative money judgment pursuant to Section 157.263 after the ten-year period set out in Section 157.005(b), a trial court

does not lose jurisdiction to enforce previous child support obligations. *See id.* §§ 157.269, 158.102, 158.502 (West 2008), § 157.318 (West Supp. 2011); *Holmes v. Williams*, 355 S.W.3d 215 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Isaacs v. Isaacs*, 338 S.W.3d 184 (Tex. App.—Houston [14th Dist.] 2011, pet. filed); *Att'y Gen. v. Redding*, 60 S.W.3d 891 (Tex. App.—Dallas 2001, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (West & Supp. 2011) (judgments for child support do not become dormant). Pursuant to Section 157.269 of the Family Code, a trial court "that renders an order providing for the payment of child support retains continuing jurisdiction to enforce the order . . . until all current support and medical support and child support arrearages, including interest and any applicable fees and costs, have been paid." Pursuant to Section 158.102, there are no time limitations for the issuance of an order or a judicial writ for income withholding for child support arrearages and interest thereon; such an order or writ "may be issued until all current support and child support arrearages, interest, and any applicable fees and costs . . . have been paid." Likewise, under Section 158.502, an administrative writ may be brought at any time until all arrearages have been paid. Section 157.318 provides that a child support lien is effective until all arrearages have been paid or the lien is otherwise released. In these various provisions, the legislature has provided that a child support obligor generally remains obligated until all arrearages are paid and that various means of enforcement are available until the arrearages have been paid in full.

Accordingly, we sustain the second issue to the extent that it challenges the trial court's jurisdiction to enter a cumulative money judgment confirming arrearages based upon a motion that was filed after the time period prescribed by Section 157.005(b) and the trial court's authority to enter a cumulative money judgment reducing or modifying the amount of the arrearages (as opposed to allowing a counterclaim or offset). The trial court does, however, retain jurisdiction for other enforcement purposes until all arrearages have been paid.

We reverse the order of the trial court, and we remand the cause to that court.


JIM R. WRIGHT
CHIEF JUSTICE

April 5, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

4