**Affirmed and Majority and Concurring Opinions filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00954-CV

---

**GERALD BYRON BARRAS, Appellant**

**V.**

**LESLEA LORING BARRAS, Appellee**

---

**On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Cause No. 10-FD-3077**

---

## CONCURRING OPINION

I respectfully concur in the judgment.

In this divorce case, appellant argues, among other things, that the trial court committed fundamental error by imposing a lien on his separate-property

homestead to secure a money judgment for his ex-wife in violation of the Texas Constitution. Even if this argument had merit, it would not be fundamental error. Because the fundamental-error doctrine does not apply and because the ex-husband did not preserve error in the trial court, this issue may be overruled without addressing the merits of the argument.

## No Fundamental Error

In his first issue, appellant Gerald Byron Barras asserts that the trial court committed fundamental error by imposing a lien on Gerald's separate-property homestead to secure a money judgment for appellee Leslea Loring Barras in violation of article XVI, section 50 of the Texas Constitution. *See* Tex. Const. art. XVI, § 50. Gerald argues that the trial court's imposition of this lien on his homestead violates this provision of the Texas Constitution and is invalid under the Supreme Court of Texas's decision in *Heggen v. Pemelton*, 836 S.W.2d 145 (Tex. 1992). The record reflects that Gerald did not raise this complaint in the trial court. Therefore, Gerald did not preserve error on this issue. *See* Tex. R. App. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding that, to preserve argument for appellate review, including constitutional arguments, party must present it to trial court by timely request, motion, or objection, state specific grounds therefore, and obtain ruling); *Ewing v. Act Catastrophe-Texas L.C.*, 375 S.W.3d 545, 551 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (same as *In re L.M.I.*).

On appeal, Gerald does not contend that he preserved error on this issue in the trial court. Rather, Gerald asserts that the error alleged in his first issue is "fundamental error." If this assertion were correct, then preservation of error in the trial court would not have been necessary. *See In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). But, in civil appeals, the fundamental-error doctrine is a narrow and

limited exception to the procedural rules requiring parties to preserve error regarding their appellate complaints. *See id.* In light of the strong policy considerations favoring the preservation-of-error requirement, the Supreme Court of Texas has called the fundamental-error doctrine "a discredited doctrine." *See id.* At most, the fundamental-error doctrine applies in the following situations: (1) when the record shows on its face that the court rendering the judgment lacked jurisdiction; (2) when the alleged error occurred in a juvenile delinquency case and falls within a category of error as to which preservation of error is not required; and (3) when the error directly and adversely affects the interest of the public generally, as that interest is declared by a Texas statute or the Texas Constitution. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (including the first and third categories); *In re B.L.D.*, 113 S.W.3d at 350–51(including the first and second categories). The alleged error in the first issue does not fall within any of these three categories, and Gerald does not argue otherwise.

The alleged error would not deprive the trial court of jurisdiction, and the alleged error did not occur in a juvenile delinquency case. Though the alleged error may affect Gerald's private interest in his separate-property homestead, the alleged error does not directly and adversely affect the interest of the public generally, as that interest is declared by a Texas statute or the Texas Constitution. *See Isaacs v. Isaacs,* 338 S.W.3d 184, 189 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that alleged error by trial court in applying statute retroactively in violation of Texas Constitution was waived by failure to preserve error in the trial court); *Langston v. City of Houston*, No. 14-08-00063-CV, 2009 WL 3003259, at *3 (Tex. App.—Houston [14th Dist.] Aug. 6, 2009, no pet.) (holding that alleged error by trial court in allowing double taxation of real property in violation of Texas Constitution was not fundamental error) (mem. op.);

3

*Moore v. Sieber*, No. 14-06-00030-CV, 2006 WL 3290895, at *1–2 (Tex. App.—Texarkana Nov. 14, 2006, no pet.) (holding that alleged error by trial court in declaring that ex-wife had superior right to possession of ex-husband's homestead was waived by failure to preserve error in the trial court) (mem. op.); *Waller v. R.S. Concrete, Inc.*, No. 14-04-00553-CV, 2005 WL 1150204, at *1–2 (Tex. App.—Houston [14th Dist.] May 17, 2005, no pet.) (holding that alleged error by trial court in imposing invalid lien on real property contrary to Texas statute was not fundamental error) (mem. op.). Neither the *Heggen* case nor any other case cited by Gerald supports the notion that the type of error alleged in Gerald's first issue is fundamental error. *See Heggen v. Pemelton*, 836 S.W.2d 145, 146–48 (Tex. 1992).

For the foregoing reasons, the alleged error in Gerald's first issue is not fundamental error, and Gerald waived this issue by failing to preserve error in the trial court. *See Mack Trucks, Inc.*, 206 S.W.3d at 577; *In re B.L.D.*, 113 S.W.3d at 350–51; *Isaacs,* 338 S.W.3d at 189; *Langston*, 2009 WL 3003259, at *3; *Moore*, 2006 WL 3290895, at *1–2; *Waller*, 2005 WL 1150204, at *1–2. Thus, it is not necessary to address the merits of Gerald's first issue.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., majority).

4