**Affirmed and Memorandum Opinion filed March 12, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00616-CV

---

**DAVID ISAAC CISNEROS, Appellant**

**V.**

**LAURETTE CISNEROS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1047022**

---

## M E M O R A N D U M   O P I N I O N

Appellant David Isaac Cisneros appeals a judgment in favor of his sister, appellee Laurette Cisneros, following a bench trial in a forcible detainer action, contending that reversal is warranted because (1) the petition fails to comply with Texas Rule of Civil Procedure 510.3; and (2) the evidence is legally and factually insufficient to support the judgment. We affirm.

**BACKGROUND**

David did not request a reporter's record and did not appeal pursuant to Texas Rule of Appellate Procedure 34.6(c) based upon a partial reporter's record. We state the background facts based on the clerk's record alone.

Laurette filed an original petition for forcible detainer in justice court on March 5, 2014. The petition states that Laurette is David's landlord. It further states that Laurette seeks possession of the apartment at issue for David's failure to pay rent pursuant to a written residential lease. Laurette's attorney signed the petition, and a notary verified his signature. The verification states: "Sworn to before me on March 5, 201[4]."

The justice court signed a default judgment awarding possession of the apartment to Laurette, and David appealed to county court. The county court scheduled the case for trial *de novo*.

The county court signed a final judgment after a non-jury trial. Its judgment states:

> On the [second] day of June, 2014, in the above entitled and numbered cause, came [Laurette] and announced ready for trial. [David] also appeared and announced ready for trial . . . . No jury fee having been paid, the parties proceeded to trial without the intervention of a jury. The Court, after considering the pleadings, evidence and arguments of the parties, is of the opinion that [David is] guilty of forcible detainer of the [apartment] and that [Laurette], have and recover from [David] as follows . . . .

The judgment orders, among other things, that Laurette recover possession of the apartment. David timely appealed.[1]

---

[1] We previously denied Laurette's motion to dismiss the appeal as untimely and granted David an extension of time to file his notice of appeal.

2

## I.    Eviction Petition

In his first issue, David argues that the judgment is "fatally flawed because it is based on a defective [e]viction [p]etition that fails to comply with [Texas Rule of Civil Procedure] 510.3."

Rule 510.3, entitled "Petition," states:

(a) *Contents.*  In addition to the requirements of Rule 502.2, a petition in an eviction case must be sworn to by the plaintiff and must contain:

(1) a description, including the address, if any, of the premises that the plaintiff seeks possession of;

(2) a description of the facts and the grounds for eviction;

(3) a description of when and how notice to vacate was delivered;

(4) the total amount of rent due and unpaid at the time of filing, if any; and

(5) a statement that attorney fees are being sought, if applicable.

David asserts that the eviction petition is not sworn to by Laurette, as required by Rule 510.3(a), because it (1) is signed by Laurette's attorney; (2) fails to assert that the facts alleged in the petition are true and within Laurette's personal knowledge; and (3) is not signed under oath.

David also argues that the allegations in the petition are inconsistent and, therefore, the petition does not adequately describe the facts and grounds for eviction and the total amount of rent allegedly due and unpaid at the time of filing. *See* Tex. R. Civ. P. 510.3(a)(2), (4).  The petition alleges a lease term commencing January 1, 2012; rent of $1 per month; David's failure to pay rent; and past due rent of $16.  David asserts that there are 22 months between January 1, 2012, and

3

March 5, 2014, the date the petition was filed.[2] David argues that, if he never paid rent as alleged, he should owe $22, instead of $16.

The record on appeal does not show that David objected to the sufficiency of Laurette's pleadings in the justice or county courts, and David does not assert that he did. We hold that David waived his complaint by not objecting to the sufficiency of the pleadings in these lower courts.

Except for fundamental error, we are not authorized to consider issues not properly raised by the parties in the trial court. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006); *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003) ("A party should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time.") (internal quotations omitted); *see also* Tex. R. App. P. 33.1.

David argues that the petition defects make the resulting judgment "fatally flawed" and that the petition "cannot be given legal effect." However, he does not cite any authority for the proposition that defects in an eviction petition could make a resulting eviction judgment void.[3] If the error alleged in the first issue were

---

[2] In fact, there are 26 months and four days between these dates.

[3] Texas Rule of Civil Procedure 301 states: "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." The parties do not cite to this rule or any other relevant authority addressing whether defective pleadings may support a judgment, and Rule 301 does not necessarily apply to eviction proceedings. *See* Tex. R. Civ. P. 500.3(d), (e) (eviction cases are governed by Rules 500-507 and 510 and may be governed by other rules as provided by law, the rules, or the court hearing the case). Nevertheless, we note that courts considering challenges to judgments allegedly signed in violation of Rule 301 have held that a party cannot obtain a judgment on an unpled theory and that pleadings should be construed liberally to support judgments. *See, e.g.*, *Bullock v. Regular Veterans Ass'n of U.S., Post No. 76*, 806 S.W.2d 311, 314 (Tex. App.—Austin 1991, no writ); *Affiliated Capital Corp. v. Musemeche*, 804 S.W.2d 216, 219 (Tex. App.—Houston [14th Dist.] 1991), writ denied); *see also Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 198-99 (Tex. App.—

fundamental error, then preservation of error in the trial court would not have been necessary. *See In re B.L.D.*, 113 S.W.3d at 350. But, in civil appeals, the fundamental error doctrine is a narrow and limited exception to the procedural rules requiring parties to preserve error regarding their appellate complaints. *See id.* In light of the strong policy considerations favoring the preservation-of-error requirement, the Supreme Court of Texas has called the fundamental error doctrine "a discredited doctrine." *Id.* At most, the doctrine applies in the following situations: (1) when the record shows on its face that the court rendering the judgment lacked jurisdiction; (2) when the alleged error occurred in a juvenile delinquency case and falls within a category of error as to which preservation of error is not required; and (3) when the error directly and adversely affects the interest of the public generally, as that interest is declared by a Texas statute or the Texas Constitution. *See Mack Trucks, Inc.*, 206 S.W.3d at 577 (including the first and third categories); *In re B.L.D.*, 113 S.W.3d at 350–51 (including the first and second categories). The alleged error in the first issue does not fall within any of the three categories, and David does not argue otherwise. The complaint David asserts in the first issue is not fundamental error. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (defective verification under former Rule 739 did not deprive the county court of jurisdiction to sign an eviction judgment); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *2 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.)

_____

Houston [14th Dist.] 2005, no pet.) ("In determining whether a cause of action has been pleaded, the court must be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment may be based . . . . The court looks to the pleader's intent and will uphold the pleading as to a cause of action even if some element of that cause of action has not been specifically alleged.") (internal quotations omitted). To the extent the issue is in dispute, we determine that Laurette pled a forcible detainer action and that the county court signed judgment on this cause of action alone. *See* Tex. Prop. Code Ann. § 24.002 (Vernon 2014).

(same); *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *1-3 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (same); *see also Isaacs v. Isaacs*, 338 S.W.3d 184, 189-90 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (holding that alleged error by trial court in applying statute retroactively in violation of Texas Constitution was waived by failure to preserve error in the trial court); *Langston v. City of Houston*, No. 14–08–00063–CV, 2009 WL 3003259, at *3 (Tex. App.—Houston [14th Dist.] Aug. 6, 2009, no pet.) (mem. op.) (holding that alleged error by trial court in allowing double taxation of real property in violation of Texas Constitution was not fundamental error); *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 838 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) ("[N]either the deficiency in the prayer of appellee's petition, nor its alleged failure to demand return of possession of the premises, deprives the trial court of subject matter jurisdiction in a forcible detainer action.").

Therefore, David waived his complaint regarding any defects in Laurette's forcible detainer petition by not objecting in the county court. *See Mack Trucks, Inc.*, 206 S.W.3d at 577. We overrule David's first issue.

## II. Legal and Factual Sufficiency

David argues next that the evidence is legally and factually insufficient to support the county court's findings that Laurette terminated David's tenancy, and that Laurette had a superior right to possession of the apartment.

When an appellant challenges the sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail without first meeting his burden of presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *Pub., Inc. v. Cnty. of Galveston*, 264

S.W.3d 338, 341 (Tex. App.—Houston [14th Dist.] 2008, no pet.). For an incomplete reporter's record to be deemed a complete record, sufficient for legal and factual sufficiency of the evidence review, the appellant must file a statement of the points or issues on appeal. *See* Tex. R. App. P. 34.6(b), (c)(1); *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002); *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 179-80 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

David did not request that a reporter's record of the county court trial be filed in this appeal and he did not appeal pursuant to Texas Rule of Appellate Procedure 34.6(c) based upon a partial reporter's record; therefore, we presume that the omitted trial evidence is legally and factually sufficient to support the county court's judgment. *See Pub., Inc.*, 264 S.W.3d at 342; *see also Callejas v. Fed. Nat'l Mortg. Ass'n*, No. 01-10-00932-CV, 2011 WL 2923759, at *2 (Tex. App.—Houston [1st Dist.] July 21, 2011, pet. dism'd w.o.j.) (mem. op.) (presuming sufficient evidence of eviction notice and landlord's title to the property because appellate record did not contain a reporter's record).

David argues that application of the presumption that omitted evidence supports the judgment is "manifestly unfair" because Laurette did not proffer even a "mere scintilla" of evidence at trial. David, however, does not contest that the county court held a bench trial, that he appeared *pro se*, and that he offered testimony.

Application of the presumption that omitted evidence supports the judgment "often triggers very severe consequences." *Wilson v. Patterson*, No. 14-10-00943-CV, 2011 WL 4924252, at *2 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op.). The evidence introduced at trial by both parties may have been sufficient to support the county court's judgment, regardless of whether Laurette introduced evidence. Without a reporter's record, we cannot evaluate the

7

sufficiency of the evidence, and we must apply the presumption. *See Pub., Inc.*, 264 S.W.3d at 342; *c.f. Williams v. Bayview-Realty Assocs.*, 420 S.W.3d 358, 362 n.2 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Pro se litigants must comply with the applicable procedural rules, and we hold them to the same standards that apply to licensed attorneys.").

We overrule David's second issue.

## CONCLUSION

Having overruled David's two issues, we affirm the trial court's judgment.


/s/  William J. Boyce
    Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.