

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| FERMIN GARZA, JR., | § | No. 08-13-00116-CV |
| Appellant, | § | Appeal from |
| v. | § | 112th District Court |
| ESTAKFI VARGAS AND ESPERANZA VARGAS, | § | of Crockett County, Texas |
| Appellees. | § | (TC # 98-08-006120-CV) |

**O P I N I O N**

Fermin Garza, Jr. appeals from a judgment awarding Estalfo Vargas and Esperanza Vargas title to certain real property by adverse possession. Finding that the reporter's notes of the entire trial have been lost or destroyed, we reverse the trial court's judgment and remand the cause for a new trial.

**LOST OR DESTROYED RECORD**

This case is before us to determine whether the trial court's judgment should be reversed and the cause remanded for a new trial because the reporter's record has been lost or destroyed. Rule 34.6(f) of the Rules of Appellate Procedure provides that an appellant is entitled to a new trial (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed; (3) if the lost or destroyed portion of the reporter's record or exhibit is

necessary to the appeal's resolution; and (4) if the lost or destroyed portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibits cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. TEX.R.APP.P. 34.6(f).

The parties tried the case to the court on February 12, 2013 and the court signed the judgment on February 15, 2013. It is undisputed that Appellant timely requested the court reporter, Mel Power, to prepare the reporter's record and paid the sum of money requested by Mr. Power for the deposit. Mr. Power did not, however, file the reporter's record by the due date in this case and other unrelated appeals. At this Court's request, the trial court has conducted three different hearings to determine when the record would be completed and filed and Mr. Power represented to the court that he would file the reporter's record but did not do so. The most recent hearing occurred on February 26, 2014. The trial court filed its written findings of facts on March 27, 2014.

Mr. Power testified for the first time at the February 26, 2014 hearing that he is unable to locate the computer files containing his notes and the audio recording of the trial. He has searched through two of his three computers and could not find the computer files containing his notes or the audio recording. Mr. Power surmised that the files had been accidentally deleted or perhaps had been misnamed and he requested the opportunity to finish searching all of his computers and storage devices. Mr. Power believed he could complete the search in "half a day." When asked by the trial court when he could have the record completed if he found the files, Mr. Power added: "If I can locate it, it will be done this week." Mr. Power notified the Clerk of the Court on March 26, 2014 that the files are lost. Further, the trial court entered written findings on March 27, 2014 and expressly found that the reporter's notes no longer exist

and have been lost. The parties agreed at the hearing and the trial court found that the reporter's record of the trial is necessary to the resolution of this appeal and cannot be replaced by agreement of the parties. We conclude that Appellant is entitled to a new trial pursuant to Rule 34.6(f). *See* TEX.R.APP.P. 34.6(f); *Villagomez Investments, L.L.C. v. Magee*, 294 S.W.3d 687, 688-90 (Tex.App.--Houston [1st Dist.] 2009, no pet.)(granting a new trial under Rule 34.6(f) where the entire record of the trial had been lost or destroyed during Hurricane Ike and through no fault of the appellant). We reverse the trial court's judgment and remand the cause for a new trial**.**

May 30, 2014

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.