

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00306-CV

---

Muhammad Waseem Arshad and Hydrogeo, LLC, Appellants

v.

Imperial Star Energy, LLC, Appellee

---

On Appeal from the 112th District Court
Pecos County, Texas
Trial Court No. P-12568-112-CV

---

## MEMORANDUM OPINION

This case is before us on Appellants' motion for new trial to determine whether the trial court's judgment should be reversed and the cause remanded for a new trial because the reporter's record has been lost or destroyed. Finding that the reporter's notes for the entire trial have been lost, we grant the motion, reverse the trial court's judgment, and remand the cause for a new trial.

# I. BACKGROUND

The parties tried this case to a jury, and the trial court signed the judgment on February 7, 2024. Appellants moved for a new trial and timely filed a notice of appeal on April 23, 2024, which was not received by this Court until July 29, 2024. At Appellants' request, the appeal was abated and referred to mediation. Tex. Civ. Prac. & Rem. Code Ann. § 154.021. The abatement was extended multiple times at the parties' request to allow additional time to mediate.

Although the parties notified the Court that they were unable to reach a settlement, they nonetheless continued to request that the Court extend the abatement because Appellants were unable to obtain a reporters record for the appeal. We remanded this cause to the trial court for a hearing to determine why the court reporter was unable to complete the record, and whether a substitute reporter could be appointed to complete the work. At the conclusion of the remand hearing, the trial court entered findings suggesting that the record was lost and could not be produced for this appeal. In response, we remanded the cause a final time and asked the trial court to make specific findings, pursuant to Rule 34.6(f) of the Texas Rules of Appellate Procedure, so that this Court could determine whether Appellants were entitled to a new trial because the reporter's record was lost.

## II. LOST OR DESTROYED RECORD

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial if:

> (1) the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

After the final remand, the trial court entered findings, which we summarize as follows: (1) Appellants timely requested the reporter's record and made numerous subsequent requests; (2) without the fault of Appellants, the court reporter's notes, records, and exhibits from voir dire, pretrial hearings, the full jury trial, and all admitted exhibits, have been lost or destroyed; (3) the lost or destroyed portions of the reporter's record are material and necessary for appellate review; (4) the parties are unable to replace the transcript or exhibits by agreement; and (5) the exhibits cannot be replaced by agreement of the parties or by copies found to be accurately duplicate the originals with reasonable certainty.

Accordingly, we conclude that Appellants are entitled to a new trial pursuant to Rule 34.6(f). Tex. R. App. P. 34.6(f); *See Garza v. Vargas*, 511 S.W.3d 80, 81 (Tex. App.—El Paso 2014, no pet.) (reversing and remanding for a new trial when the record from trial was lost through no fault of the appellant).

### III.  CONCLUSION

We grant Appellants' motion, reverse the trial court's judgment, and remand the cause for a new trial.

MARIA SALAS MENDOZA, Chief Justice

October 24, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.